**Marilyn R. WILSON, etc.,**
**Plaintiff, Appellant,**

v.

**ATLANTICARE MEDICAL CENTER, et al., Defendants, Appellees.**

No. 88–1985.

United States Court of Appeals,
First Circuit.

Heard Feb. 6, 1989.
Decided Feb. 23, 1989.

Regina Williams Tate, Braintree, Mass., with whom Michael C. Lehane and Murphy, Hesse, Toomey and Lehane, Quincy, Mass., were on brief, for appellant.

D. Alice Olsen with whom Bruce R. Henry and Morrison, Mahoney & Miller, Boston, Mass., were on brief, for appellees.

Before SELYA, Circuit Judge,
ALDRICH and COFFIN, Senior Circuit Judges.

BAILEY ALDRICH, Senior Circuit Judge.

Plaintiff, administratrix of the estate of Delia Mace (Mace), brought this action in two counts against Atlanticare Medical Center, Inc. (Center), and Atlanticare Nursing Home (Home). With respect to Center, plaintiff alleged that a premature returning of Mace to Home, where she was a resident patient, while still "suffering from an emergency medical condition which had not been stabilized," violated 42 U.S.C. § 1867.[1] With respect to Home, plaintiff alleged that the occurrence for which it had sent Mace to Center for treatment, and which, allegedly, resulted in her death after Center had returned her, had been due to negligent conduct by Home. Thus the suit against Center was one asserting direct

---

1. A miscitation for 42 U.S.C. § 1395dd. This, known as the anti-dumping statute, forbids, inter alia, except on certain conditions, the trans- ferring out of an unstabilized emergency patient. § 1395dd(c).

federal jurisdiction; against Home, a pendent action for a Massachusetts tort.

A motion was filed to refer to the Massachusetts Superior Court "for the assignment of a medical malpractice tribunal under Massachusetts General Laws, Chapter 231, § 60B, [on the ground] that this is an action alleging malpractice, error or mistake on the part of a physician and provider of health care under the terms of that statute." Under the case heading of both defendants, plaintiff replied,

### OPPOSITION TO MOTION FOR REFERRAL TO MEDICAL MALPRACTICE TRIBUNAL

Now comes the Plaintiff in the above captioned matter and respectfully requests this honorable Court to note her opposition to the request for referral of this matter to a medical malpractice tribunal pursuant to Mass. General Laws Chapter 231, section 60B. As reason for this opposition, Plaintiff says it has not asserted a claim pursuant to the provisions of said section 60B, but rather that the claim arises pursuant to public law 99–272, section 9121.

The court granted the motion and referred the entire case to the Superior Court. Plaintiff moved for reconsideration with respect to Center, without stating a reason, and requested twenty days to file a memorandum in support. The court denied this motion.

Thereafter plaintiff filed a memorandum with the medical malpractice tribunal. In it she simply stated that the federal statute as to Center created "rights distinct from state law causes of action." With respect to the claim against Home she asserted reasons why Home had been negligent. The tribunal conducted a hearing and found that the claims against both defendants were not substantiated, and ordered the cases dismissed unless plaintiff filed the standard bond within 30 days.

Sixty-nine days after the tribunal order had been filed, no bond having been furnished, there was a motion for dismissal and final judgment. Accompanying the motion was a memorandum asserting the above facts, adding that plaintiff had filed an application for reduction of the bond, but had not presented it to the Superior Court judge. After twenty days, plaintiff not having responded, the court granted the motion and entered judgment for both defendants. Plaintiff appeals with respect to Center.

Plaintiff extensively argues before us that the Massachusetts statute's interposing the action of a Superior Court tribunal before she can proceed with her federal claim under the so-called "anti-dumping" statute is an impermissibly imposed obstacle. This even though the federal statute states that its provisions "do not preempt any State or local law requirement, except to the extent that the requirement directly conflicts with a requirement of this section." 42 U.S.C. § 1395dd(f). While we have held the Massachusetts procedure applicable in the federal court in a diversity case, *Feinstein v. Massachusetts General Hospital*, 643 F.2d 880 (1st Cir. 1981), we have not considered it with respect to the anti-dumping statute. If security, or the bond, is disregarded, as conflicting with the statute, there remains the question if the other requirements of the state statute impermissibly conflict. *Cf. Feinstein*, 643 F.2d at 889.

Since, by hypothesis, a patient is in difficulties to begin with, it may be very tempting to complain about the course of one's treatment. Doctors and hospitals, and, ultimately, their other patients, need screening protection against frivolous claims as much under the federal statute as they do for other malpractice charges. *Cf. Brodie v. Gardner Pierce Nursing & Rest Home, Inc.*, 9 Mass.App. 639, 403 N.E.2d 1184, 1185 (1980). We do not, however, reach the question whether affording this protection is a direct interference with the federal statute. Plaintiff, unfortunately, failed consistently to preserve her rights. Local Rule 17(a)(2) of the Massachusetts District Court provides as follows.

(2) *Submission of Opposition to a Motion.* A party opposing a motion, other than a motion for enlargement of time or a motion related to discovery, *shall*

*file an opposition* to the motion within fourteen (14) days after service of the motion, unless another period is fixed by rule or statute, or by order of the court, *and* in the same rather than a separate document *a memorandum of reasons, including citation of supporting authorities,* why the motion should not be granted. Affidavits and other documents setting forth or evidencing facts on which the opposition is based shall be filed with the opposition. (Emphasis supplied).

Plaintiff's opposition to defendants' motion to refer to the Superior Court tribunal was an inadequate compliance with this rule, as her brief before this court well reveals. Merely to cite the statute is not a statement of reasons. *Cf. Beaulieu v. United States of America Internal Revenue Service,* 865 F.2d 1351, 1352 (1st Cir.1989). Although this was a federal statute, the claim still was based upon "error or mistake on the part of a physician and provider of health care," and plaintiff owed the court the obligation to make a response. This deficiency became more apparent after the court had allowed defendants' motion, but even when plaintiff filed a motion for reconsideration, she still gave no reason. Finally, if that, too, be forgiven, when defendants moved to dismiss plaintiff passed up a last chance to support her position and did not even file an objection.

The result is that we receive this case before the district court had the required opportunity to appraise plaintiff's claim. If a case warrants briefing to us, the rule, and orderly procedure, dictates that a party expend the effort at the outset, rather than later.

AFFIRMED.