**Migda RODRIGUEZ–ANTUNA, et al., Plaintiffs, Appellants,**

v.

**CHASE MANHATTAN BANK CORPORATION, Defendant, Appellee.**

No. 88–2148.

United States Court of Appeals, First Circuit.

Submitted March 2, 1989.

Decided March 24, 1989.

Osvaldo Perez Marrero, Hato Rey, on brief for plaintiffs, appellants.

Ricardo F. Casellas, Juan Carlos Perez Otero, Jay A. Garcia Gregory and Fiddler, Gonzalez & Rodriguez, San Juan, P.R., on brief for defendant, appellee.

Before TORRUELLA and SELYA, Circuit Judges, and CAFFREY,* Senior District Judge.

SELYA, Circuit Judge.

Six plaintiffs, all employees of Chase Manhattan Bank, sued their employer in federal district court on February 16, 1988. They alleged, *inter alia*, that the bank, through one of its vice-presidents, invaded their privacy and caused them emotional distress by accusing them (falsely) of making "dial-a-porn" toll calls on the bank's telephones. Plaintiffs said that they "were kept against their will after hours" in a meeting room, while bank officials investigated the provenance of the concupiscent calls. To add insult to injury, plaintiffs were forced to listen, in the presence of others, to a ribald recording of one such call, which "present[ed] a woman having sexual relations with a man, and telling him how she wanted him to do it."

Defendant moved to dismiss for failure to state an actionable claim. Plaintiffs filed an eleventh-hour opposition. Despite the lateness of the objection, the district court gave substantive consideration to the motion before dismissing the action. It concluded that various federal statutes mentioned in plaintiffs' complaint had not been triggered and that plaintiffs' tort claims under Puerto Rico law were time-barred.[1] Judgment was entered on May 23, 1988. Plaintiffs had 30 days in which to appeal, *see* Fed.R.App.P. 4(a)(1); *see also Browder v. Director, Illinois Dep't of Corrections*, 434 U.S. 257, 264, 98 S.Ct. 556, 560–61, 54 L.Ed.2d 521 (1978) (appeal in

---

* Of the District of Massachusetts, sitting by designation.

1. The incident described in plaintiffs' complaint occurred on February 13, 1987. The district court held, and the parties do not contest, that the applicable statute of limitations was one year. *See* P.R. Laws Ann. tit. 31, §§ 5141, 5298(2) (1968). The litigants do disagree as to how the one year period should be computed. *See infra.*

civil case must be taken "within 30 days of entry of the [contested] judgment or order"), but frittered it away.

On July 22, 1988, well after the appeal period had expired, plaintiffs filed a request for relief from judgment in the district court. They did not attempt to resuscitate the federal-law causes of action, but focused exclusively on the tort claims. They asserted that the district court had erred in finding those claims stale. The court, in plaintiffs' view, had miscalculated the year-long period, see supra note 1, in that the day of the event should not have been counted, and other days were excludable as weekends and/or holidays. Defendant interposed an objection. The district judge treated plaintiffs' request as a motion under Fed.R.Civ.P. 60(b) [2] and denied it in mid-September on two grounds: first, the request was not filed within a reasonable time; and second, the suggested computation of the limitations period was amiss. On October 5, plaintiffs filed their first (and only) notice of appeal.

## I

We begin by delineating what is properly before us and, equally important, what is not. No appeal was taken from the May 24, 1988 judgment within the time allowed by law. Thus, the merits of the judgment are not susceptible to review. The notice of appeal was, however, timely as to the district court's refusal to relieve plaintiffs from the judgment. The September order, therefore, may be evaluated in this proceeding. But a punctual appeal from an order denying such a motion does not automatically produce a Lazarus-like effect; it cannot resurrect appellants' expired right to contest the merits of the underlying judgment, nor bring the judgment itself before us for review. See Browder, 434 U.S. at 263 n. 7, 98 S.Ct. at 560 n. 7; Ojeda–Toro v. Rivera–Mendez, 853 F.2d 25, 28–29 (1st Cir.1988); Lepore v. Vidockler, 792 F.2d 272, 273–74 (1st Cir. 1986). Thus, our inquiry is restricted to the propriety of the September order.

## II

Due performance of this circumscribed task requires that we retreat a step and consider the nature of plaintiffs' request for relief from judgment. In filing it, plaintiffs identified none of the applicable procedural rules. We fill that gap unhesitatingly. It is settled law in this circuit that a motion which asks the court to modify its earlier disposition of a case solely because of an ostensibly erroneous legal result is brought under Fed.R.Civ.P. 59(e). See In re Sun Pipe Line Co., 831 F.2d 22, 24 (1st Cir.1987) (collecting cases), cert. denied, —— U.S. ——, 108 S.Ct. 2821, 100 L.Ed.2d 922 (1988); Silk v. Sandoval, 435 F.2d 1266, 1267–68 (1st Cir.), cert. denied, 402 U.S. 1012, 91 S.Ct. 2189, 29 L.Ed.2d 435 (1971). Such a motion, without more, does not invoke Fed.R.Civ.P. 60(b). See Silk, 435 F.2d at 1267 ("If the court merely wrongly decides a point of law, that is not 'inadvertence, surprise, or excusable neglect.'") (quoting Rule). Absent fraud, newly-discovered evidence, a party's pardonable omission, or the like, see supra note 2—none of which were meaningfully alleged—the July 22 motion must be measured by the Rule 59 yardstick.

Once it is acknowledged which rule controlled, the fruitlessness of plaintiffs' current mission becomes readily apparent. On its face, the request was substantially out of time. See Fed.R.Civ.P. 59(e) ("A motion

---

**2.** The rule provides in pertinent part:

On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgement upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time. . . .

Fed.R.Civ.P. 60(b).

to alter or amend the judgment shall be served not later than 10 days after the entry of the judgment."). Accordingly, plaintiffs' entreaty was correctly rejected by the court below, and the appeal from the order denying relief is meritless.

### III

To be sure, the district court did not undertake a Rule 59 analysis. Rather, the judge treated plaintiffs' motion as invoking Rule 60(b), and denied it on somewhat different grounds.[3] As we see things, any error in that respect was harmless.

First, we may affirm judgments on any sufficient grounds corroborated by the record, *see, e.g., Camacho v. Autoridad de Telefonos de Puerto Rico*, 868 F.2d 482, 489 (1st Cir.1989); *Freeman v. Package Machinery Co.*, 865 F.2d 1331, 1349–50 (1st Cir.1988); *Polyplastics, Inc. v. Transconex, Inc.*, 827 F.2d 859, 860–61 (1st Cir. 1987), whether or not the same ratiocinatory path was travelled below. After all, "[a]n appellate court is not wed to a trial court's reasoning...." *Freeman*, 865 F.2d at 1349. Second, even if we were to view the motion through the prism of Rule 60(b), as did the district court, the exercise would not avail appellants.

■ Motions brought under Rule 60(b) are committed to the trier's discretion and denials thereof may be reversed only for abuse of that discretion. *Ojeda–Toro*, 853 F.2d at 28; *Lepore*, 792 F.2d at 274; *Pagan v. American Airlines*, 534 F.2d 990, 993 (1st Cir.1976). Given the background of this case, the plausibility of the court's original computation of the limitations period, and plaintiffs' erratic conduct of their affairs—objecting tardily to the dismissal motion, eschewing a timely appeal, unduly delaying the filing of their post-judgment request for relief, not specifying extenuating or excusative factors of any kind—the district court's refusal to reopen the judgment was far from a misuse of its discretion. Rule 60(b) contains "extraordinary relief" to be dispensed only in "exceptional circumstances." *Lepore*, 792 F.2d at 274. Appellants have not brought their plight within these narrow confines.

### IV

We need go no further. Plaintiffs, if they had a case to make, should have made it in a timeous fashion in the district court. *Cf., e.g., Wilson v. Atlanticare Medical Center*, 868 F.2d 34, 36 (1st Cir.1989). Enforced exposure to salacious dialogue notwithstanding, the record establishes no justification for us to rescue these six suitors from their self-dug hole. In calling upon us for extrication, plaintiffs have dialed yet another wrong number.

*Affirmed.* Double costs.

---

3. The district court was likely led into this bevue by plaintiffs, who couched their request for relief in the idiom of Rule 60(b)(3), *see supra* note 2, alleging rather luridly that defendant "misrepresented and misled [the court] into believing that the statute of limitations ha[d] expired...." But the only noticeable misrepresentation was in plaintiffs' characterization of what had transpired. Appellee's counsel did no more than to argue how the local statute of limitations should be computed. That plaintiffs disagreed did not transmogrify advocacy into misrepresentation.