Pedro C. **VARGAS**, Plaintiff, Appellant,

v.

Leonardo **GONZALEZ**, et al.,
Defendants, Appellees.

No. 92–1301.

United States Court of Appeals,
First Circuit.

Submitted July 15, 1992.

Decided Aug. 17, 1992.

Hector Gonzalez Lopez and Feijoo's Law Offices, on brief, for plaintiff, appellant.

Jose A. Cestero and Cesar R. Miranda Law Offices, and Anabelle Rodriguez and Reina Colon de Rodriguez, Office of the Sol. Gen., on brief, for defendants, appellees.

Before SELYA, CYR and BOUDIN, Circuit Judges.

PER CURIAM.

In June 1991, attorneys for all of the parties to this case failed to appear for a hearing on a motion to amend the complaint. The district court fined the lawyers involved. In his motion to reconsider the sanction, the plaintiff's attorney, Hector Gonzalez Lopez, offered apologies and an explanation for his truancy. He also informed the court that he would be absent from Puerto Rico during the month of July, 1991. Accordingly, he asked the court to reschedule a forthcoming status conference from July 16 "until August." The court complied with Attorney Gonzalez' request. In an order dated July 12, 1991, the district court (a) removed the sanctions and (b) rescheduled the status conference for August 9, 1992.

Gonzalez did not appear at the conference on August 9. The district court, taking into account Gonzalez' previous dereliction, decided to dismiss the case for failure to prosecute. The judgment of dismissal was dated August 30 but was not entered on the docket until September 3, at which time (the docket indicates) copies of the judgment were sent to all parties.

The court next heard from Attorney Gonzalez on September 9, when he filed an "informative" motion requesting an extension of time to respond to certain papers the defendants had filed over the summer. The motion was mooted by, yet did not mention, the dismissal entered six days earlier. In an order entered October 7, the district court denied the motion for an extension and, referring to the now-month-old dismissal, expressed its exasperation at Attorney Gonzalez' inability to "read the handwriting on the wall."

The October 7 order brought a response from Attorney Gonzalez, filed on October 18 and captioned "Motion to Amend Judgment of August 30th, 1991 and to Other Extremes." In this motion, Gonzalez offered excuses both for his failure to appear at the August 9 conference, and for his failure to respond more quickly to the judgment of dismissal. As to the latter delinquency, Gonzalez claimed that he had never received a copy of the judgment, and had not learned of the dismissal until he received the court's October 7 order. With respect to his absence from the status conference, Gonzalez said that he was away from Puerto Rico from July 3 to August 2, caring for his ailing parents in Florida. He spent the week August 2 to August 9 in Puerto Rico, but his secretary, though she informed him of the court's July 12 order lifting the sanctions, neglected to tell him that the same order had also rescheduled the status conference for August 9. Thus, Gonzalez left Puerto Rico for Florida again on August 9 without attending the conference or arranging for a further continuance. When he returned to Puerto Rico at the end of the month, he "did not check, inadvertantly [sic], the case file itself ... or he would have seen the notice vacating the sanctions and setting the status conference." Arguing that the mortal sanction of dismissal was too harsh a punishment for such venial sins, and that in any event the client should not be made to suffer for his attorney's neglect, Gonzalez asked the court to "set aside its Judgment dismissing this case and to impose instead whatever sanctions it deems necessary on the undersigned."

On January 17, 1992 the district court denied the motion to amend judgment. Citing Fed.R.Civ.P. 59(e), the court said that motions to amend judgment must be filed within ten days of the entry of the judgment challenged, and observed that the motion at hand had been filed more than thirty days late. This appeal followed. We affirm.

## I

■ The motion filed on October 18 did not invoke any Rule of Civil Procedure, but if the district court correctly characterized it as a Rule 59(e) motion, then the denial was indisputably correct. Because Rule 59(e) motions must be filed within ten days of the *entry* of the judgment challenged, exclusive of weekends and holidays, the allegation that Attorney Gonzalez did not receive a copy of the judgment is of no consequence. "The 10 day period begins to run upon entry of judgment even if a party has not received notice of the judgment...." 6A Moore's Federal Practice ¶ 59.09[1] (1991). *Cf.* Fed.R.Civ.P. 77(d) (lack of notice of entry of judgment does not affect time to appeal). The ten-day deadline is mandatory, Fed.R.Civ.P. 6(b), and it is well established that the district court has no power or discretion to modify it. *See Feinstein v. Moses*, 951 F.2d 16, 19 (1st Cir.1991) and cases cited therein; *see also Shults v. Henderson*, 110 F.R.D. 102 (W.D.N.Y.1986).

The district court properly identified the October 18 motion as one brought under Rule 59(e). Not only did the caption—"Motion to Amend Judgment ... And to Other Extremes"—echo Rule 59(e), but the gist of the motion was that the district court had erred by dismissing the case without proof that the client was responsible for his attorney's lapses, and in a situation where effective lesser penalties were available. It is the settled rule in this circuit that a motion asking the court "to modify its earlier disposition of a case because of an allegedly erroneous legal result is brought under Fed.R.Civ.P. 59(e)." *Appeal of Sun Pipe Line Co.*, 831 F.2d 22, 24 (1st Cir.1987) (citing *Silk v. Sandoval*, 435 F.2d 1266, 1267–68 (1st Cir.1971)).

## II

■ The appellant's brief intimates that the district court should have construed the October 18 motion to ask for relief from judgment under Fed.R.Civ.P. 60(b)(1) or (b)(4).[1] Motions for relief from judgment

---

1. The brief also cites Rule 60(b)(6) but identifies     no "extraordinary circumstances" that might

are not subject to a ten-day deadline. However, we do not see how the district court could have read the motion to state a viable request under Rule 60(b). First, even if the judgment was erroneous, it was not void within the meaning of Rule 60(b)(4). *See Lubben v. Selective Service System, Local Board No. 27,* 453 F.2d 645, 649 (1st Cir.1972). "Only in the rare instance of a clear usurpation of power," *id.,* such as where the court lacks subject-matter jurisdiction, will a judgment be deemed void.

Second, the record establishes that the "neglect" which triggered the dismissal was not of the "excusable" variety recognized by Rule 60(b)(1). Attorney Gonzalez' failure to attend the status conference on August 9 was not pardonable. In June, Gonzalez had asked the court to reschedule the conference, then set for July 16, to sometime in August. When he left Puerto Rico for Florida on July 3, the court had not ruled on this request for a continuance. Gonzalez should have understood, therefore, that unless and until he heard otherwise he was due in court on July 16. He claims not to have heard about the continuance, yet he remained in Florida through July. Under these circumstances, one would expect that when Gonzalez briefly returned to Puerto Rico at the beginning of August, he would have been anxious to learn whether the status conference had gone off without him on July 16. According to his own account, however, Gonzalez did not trouble himself to find out whether or how the court had ruled on his request for a continuance. Instead, he left Puerto Rico again for the remainder of August. Surely, since he had asked the court to continue the conference "until August," Gonzalez must have suspected when he returned to Puerto Rico for good at the end the month that he had failed to appear for a scheduled status conference—either on the original date of July 16 or on a rescheduled date sometime in August. Again, however, Gonzalez made no effort to discover or remedy his delinquency, and the

district court entered its judgment soon after. As a matter of law, such a "palpable mistake" by experienced counsel does not amount to excusable neglect. *See Picucci v. Town of Kittery,* 101 F.R.D. 767, 768 (D.Me.1984) and cases cited therein. Nor can such an insistent disregard for one's responsibilities as an attorney fairly be termed "inadvertence" as that word is used in Rule 60(b)(1). Indeed, the district court might well have abused its discretion had it accepted Gonzalez' carelessness as a basis for relief from judgment. *See Lavespere v. Niagara Machine & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir.1990) (if failure of party to submit evidence is attributable to negligence or carelessness of his attorney, it would be an abuse of discretion for district court to reopen case to consider the evidence).

### III

Because it asked for relief under Rule 59(e), and because it was filed late, the October 18 motion to amend judgment did not toll the time for filing a notice of appeal from the underlying dismissal. *See Feinstein v. Moses,* 951 F.2d at 18 and cases cited therein. A notice of appeal from the judgment, which had been entered on September 3, was due on October 3; the appellant did not file his notice until February 11. We therefore have no jurisdiction to consider the appellant's attack on the dismissal.

The notice of appeal, it is true, was filed within thirty days of the order denying the motion to amend judgment. "Nevertheless, as the [motion] prayed for relief which could only be properly sought under Rule 59(e), the district court was without jurisdiction to grant it because, as we have explained, it was untimely." *Id.* at 21.

*The judgment below is summarily affirmed. See 1st Cir.Rule 27.1.*

bring this residual provision into play. *Gonzalez v. Walgreens Co.,* 918 F.2d 303, 305 (1st Cir.1990).