30 F.3d 126
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Ronald E. TILLEY, Plaintiff, Appellant,
v.
UNITED STATES OF AMERICA, Defendant, Appellee.
 No. 94-1154
 United States Court of Appeals,
First Circuit.
 July 22, 1994
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. D. Brock Hornby, U.S. District Judge ]
 Ronald E. Tilley on brief pro se.
 Jay P. McCloskey, United States Attorney, James L. McCarthy, Assistant United States Attorney, and Margaret D. McGaughey, Assistant United States Attorney, on brief for appellee.
 D.Me.
 AFFIRMED.
 Before Torruella, Selya and Cyr, Circuit Judges.
 Per Curiam.
 
 
 1
 Ronald E. Tilley, a pro se federal prisoner, appeals the district court's denial of his Fed. R. Civ. P. 60(b)(6) motion for relief from the district court order dismissing his 28 U.S.C. Sec. 2255 motion to vacate, set aside, or correct his sentence.[1] We review denials of Rule 60(b) motions for abuse of discretion. See Rodriguez-Antuna v. Chase Manhattan Bank Corp., 871 F.2d 1, 3 (1st Cir. 1989). We affirm the district court order.
 
 
 2
 "It is settled law in this circuit that a motion which asks the court to modify its earlier disposition of a case solely because of an ostensibly erroneous legal result is brought under Fed. R. Civ. P. 59(e). Such a motion, without more, does not invoke Fed. R. Civ. P. 60(b).... Absent fraud, newly-discovered evidence, a party's pardonable omission, or the like-none of which were meaningfully alleged-[such a] motion must be measured by the Rule 59 yardstick." Rodriguez-Antuna 871 F.2d at 2 (citations omitted). Tilley alleges no grounds which would entitle him to relief under Rule 60(b). His sole basis for relief is that the district court erred, as a matter of law, in refusing to give retroactive effect to a 1992 amendment to U.S.S.G. Sec. 4A1.3, p.s. Consequently, the motion should be viewed as a Rule 59(e) motion to alter or amend the judgment. See Echevarria-Gonzalez v. Gonzalez-Chapel, 849 F.2d 24, 26 (1st Cir. 1988) (" 'nomenclature should not be exalted over substance.' ") (quoting Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 41 (2d Cir. 1982)).
 
 
 3
 Viewed under Rule 59(e), Tilley's motion must be dismissed as untimely filed. Rule 59(e) requires a motion to alter or amend a judgment to be "served not later than 10 days after the entry of the judgment." The district court judgment denying Tilley's Sec. 2255 motion was entered on December 22, 1993. There is no indication in the record that the so-called Rule 60(b) motion was ever served. Moreover, it was not filed with the court until January 18, 1994, more than 10 days, after entry of the judgment. The district court therefore appropriately denied the motion. See Vargas v. Gonzalez, 975 F.2d 916, 918 (1st Cir. 1992) (holding that district court lacked jurisdiction to grant untimely motion that sought relief that could only be properly sought under Rule 59(e)); Barrett v. United States, 965 F.2d 1184, 1187 (1st Cir. 1992) (affirming dismissal of motions for reconsideration of dismissal of Sec. 2255 petition on ground that motions, viewed as Rule 59(e) motions, were untimely). Since the Rule 59(e) motion was untimely filed, it did not toll the time for filing a notice of appeal from the underlying order dismissing Tilley's Sec. 2255 motion. See Vargaz v. Gonzalez, 975 F.2d at 918.
 
 
 4
 Finally, given that the district court was under no obligation to alter or amend the judgment, its denial of the motion to reconsider did not constitute an abuse of discretion. The district court order dismissing the motion for relief from judgment is therefore affirmed.
 
 
 
 [1]
 The Federal Rules of Civil Procedure apply to Sec. 2255 proceedings. Barrett v. United States, 965 F.2d 1184, 1187 n. 4 (1st Cir. 1992)