USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1154 RONALD E. TILLEY, Plaintiff, Appellant, v. UNITED STATES OF AMERICA, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. D. Brock Hornby, U.S. District Judge] ___________________ ____________________ Before Torruella, Selya and Cyr, Circuit Judges. ______________ ____________________ Ronald E. Tilley on brief pro se. ________________ Jay P. McCloskey, United States Attorney, James L. McCarthy, __________________ ___________________ Assistant United States Attorney, and Margaret D. McGaughey, Assistant _____________________ United States Attorney, on brief for appellee. ____________________ July 22, 1994 ____________________ Per Curiam. Ronald E. Tilley, a pro se federal ___________ ___ __ prisoner, appeals the district court's denial of his Fed. R. Civ. P. 60(b)(6) motion for relief from the district court order dismissing his 28 U.S.C. 2255 motion to vacate, set aside, or correct his sentence.1 We review denials of Rule 60(b) motions for abuse of discretion. See Rodriguez-Antuna ___ ________________ v. Chase Manhattan Bank Corp., 871 F.2d 1, 3 (1st Cir. 1989). _________________________ We affirm the district court order. "It is settled law in this circuit that a motion which asks the court to modify its earlier disposition of a case solely because of an ostensibly erroneous legal result is brought under Fed. R. Civ. P. 59(e). Such a motion, without more, does not invoke Fed. R. Civ. P. 60(b). . . . Absent fraud, newly-discovered evidence, a party's pardonable omission, or the like -- none of which were meaningfully alleged -- [such a] motion must be measured by the Rule 59 yardstick." Rodriguez-Antuna 871 F.2d at 2 (citations ________________ omitted). Tilley alleges no grounds which would entitle him to relief under Rule 60(b). His sole basis for relief is that the district court erred, as a matter of law, in refusing to give retroactive effect to a 1992 amendment to U.S.S.G. 4A1.3, p.s. Consequently, the motion should be viewed as a Rule 59(e) motion to alter or amend the judgment. ____________________ 1. The Federal Rules of Civil Procedure apply to 2255 proceedings. Barrett v. United States, 965 F.2d 1184, 1187 _______ ______________ n.4 (1st Cir. 1992). -2- See Echevarria-Gonzalez v. Gonzalez-Chapel, 849 F.2d 24, 26 ___ ___________________ _______________ (1st Cir. 1988) ("'nomenclature should not be exalted over substance.'") (quoting Lyell Theatre Corp. v. Loews Corp., ____________________ ___________ 682 F.2d 37, 41 (2d Cir. 1982)). Viewed under Rule 59(e), Tilley's motion must be dismissed as untimely filed. Rule 59(e) requires a motion to alter or amend a judgment to be "served not later than 10 days after the entry of the judgment." The district court judgment denying Tilley's 2255 motion was entered on December 22, 1993. There is no indication in the record that the so-called Rule 60(b) motion was ever served. Moreover, it was not filed with the court until January 18, 1994, more than 10 days, after entry of the judgment. The district court therefore appropriately denied the motion. See Vargas ___ ______ v. Gonzalez, 975 F.2d 916, 918 (1st Cir. 1992) (holding that ________ district court lacked jurisdiction to grant untimely motion that sought relief that could only be properly sought under Rule 59(e)); Barrett v. United States, 965 F.2d 1184, 1187 _______ _____________ (1st Cir. 1992) (affirming dismissal of motions for reconsideration of dismissal of 2255 petition on ground that motions, viewed as Rule 59(e) motions, were untimely). Since the Rule 59(e) motion was untimely filed, it did not toll the time for filing a notice of appeal from the underlying order dismissing Tilley's 2255 motion. See ___ Vargaz v. Gonzalez, 975 F.2d at 918. ______ ________ -3- Finally, given that the district court was under no obligation to alter or amend the judgment, its denial of the motion to reconsider did not constitute an abuse of discretion. The district court order dismissing the motion for relief from judgment is therefore affirmed. ________ -4-