45 F.3d 423
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 D.S. ATKINSON, INC., Plaintiff, Appellee,
v.
LUTIN CENTRAL SERVICES COMPANY, INC., et al., Defendants, Appellants.
 No. 93-2294.
 United States Court of Appeals,
First Circuit.
 Dec. 29, 1994.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Edward F. Harrington, U.S. District Judge ]
 Gary Lutin on brief pro se.
 Hugh W. Samson, Colon, Samson & Conlon on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before Cyr, Circuit Judge, Bownes, Senior Circuit Judge, and Stahl, Circuit Judge.
 Per Curiam.
 
 
 1
 Pro se appellant Gary Lutin, a corporate officer and sole owner of Lutin Central Services Co., Inc. [LCS], appeals the denial by the district court of his motion for reconsideration,[1] pursuant to Fed. R. Civ. P. 60(b), of the judgment granting the motion of appellee, D.S. Atkinson, Inc., to enforce a settlement agreement.[2] Lutin claims (1) that the district court lacked subject matter jurisdiction to enforce the agreement; (2) that the court lacked personal jurisdiction over him; and (3) that the district court abused its discretion in declining to grant his requested relief from judgment. We affirm.
 
 
 2
 The Supreme Court recently has indicated that, when, as in the instant case, a federal district court neither embodies a settlement agreement in its judgment of dismissal nor retains jurisdiction over it, "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." Kokkonen v. Guardian Life Insurance Co. of Am., 114 S.Ct. 1673, 1677 (1994). Since this is an action where the matter in controversy is more than $50,000 and between citizens of different states, 28 U.S.C. Sec. 1332 provides "an independent basis for federal jurisdiction." The district court therefore possessed subject matter jurisdiction over the motion to enforce the settlement agreement. See United States v. Baus, 834 F.2d 1114, 1127 n. 13 (1st Cir. 1987) (court possessed jurisdiction over enforcement of settlement agreement because fact that United States was party to the contract gave court an independent basis for federal jurisdiction).
 
 
 3
 The claim that the court did not possess personal jurisdiction over Lutin was not clearly raised before the district court and thus has been waived. See Marcial Ucin, S.A., v. SS Galicia, 723 F.2d 994, 996-97 (1st Cir. 1983) (claim of lack of personal jurisdiction may be waived if not asserted in a timely fashion).
 
 
 4
 Finally, we find no abuse of discretion in the district court's denial of Lutin's motion to vacate the judgment. See de la Torre v. Continental Ins. Co., 15 F.3d 12, 14 (1st Cir. 1994) (order denying motion for reconsideration in discretion of court). Insofar as that motion was predicated upon a claim that his attorney's failure to appear for the April 7 hearing prevented Lutin from presenting his arguments to the district court, the attorney was aware of the date of the hearing and chose not to attend even though he had not obtained a continuance. Such "inexcusable neglect" by his attorney does not entitle Lutin to relief under Rule 60(b)(1). See Link v. Wabash R. Co., 370 U.S. 626, 633-36 (1962); Vargas v. Gonzalez, 975 F.2d 916, 918 (1st Cir. 1993).
 
 
 5
 Lutin also seeks relief pursuant to Fed. R. Civ. P. 60(b)(6). However, this court has frequently indicated that "Rule 60(b)(6) may not be used as a back-door substitute for an omitted appeal, and, in all but the most exceptional circumstances, a party's neglect to prosecute a timeous appeal will bar relief under the rule." Cotto v. United States, 993 F.2d 274, 278 (1st Cir. 1993) (citing cases). We have reviewed carefully the record in this case and the briefs of the parties and find no "exceptional circumstances" which would entitle Lutin to relief.
 
 
 6
 Affirmed.
 
 
 
 [1]
 Lutin also purports to represent LCS. However, a pro se appellant cannot represent a corporation. Eagle Assoc. v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991) (citing cases)
 
 
 [2]
 Lutin did not file a formal motion but rather sent a letter to the district court asking the court to "remove, vacate or reconsider the order and to suspend the judgment." Like the district court, we treat this as a motion pursuant to Fed. R. Civ. P. 60(b). On appeal, Lutin asserts that his letter also could be construed as a motion to amend judgment pursuant to Rule 59(e). However, since there is no evidence the letter was ever "served" upon appellee, it cannot function as a Rule 59(e) motion. Fed. R. Civ. P. 59(e); Rivera v. M/T Fossarina, 840 F.2d 152, 154 (1st Cir. 1988)