USCA1 Opinion

 

 December 29, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-2294 D.S. ATKINSON, INC., Plaintiff, Appellee, v. LUTIN CENTRAL SERVICES COMPANY, INC., ET AL., Defendants, Appellants. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Edward F. Harrington, sU.S. District Judge] ____________________ ____________________ Before Cyr, Circuit Judge, _____________ Bownes, Senior Circuit Judge, and ____________________ Stahl, Circuit Judge. _____________ ____________________ Gary Lutin on brief pro se. __________ Hugh W. Samson, Colon, Samson & Conlon on brief for appellee. ______________ ______________________ ____________________ ____________________ Per Curiam. Pro se appellant Gary Lutin, a corporate __________ ___ __ officer and sole owner of Lutin Central Services Co., Inc. [LCS], appeals the denial by the district court of his motion for reconsideration,1 pursuant to Fed. R. Civ. P. 60(b), of the judgment granting the motion of appellee, D.S. Atkinson, Inc., to enforce a settlement agreement.2 Lutin claims (1) that the district court lacked subject matter jurisdiction to enforce the agreement; (2) that the court lacked personal jurisdiction over him; and (3) that the district court abused its discretion in declining to grant his requested relief from judgment. We affirm. The Supreme Court recently has indicated that, when, as in the instant case, a federal district court neither embodies a settlement agreement in its judgment of dismissal nor retains jurisdiction over it, "enforcement of the settlement agreement is for state courts, unless there is ________________ some independent basis for federal jurisdiction." Kokkonen _________________________________________________ ________  ____________________ 1. Lutin also purports to represent LCS. However, a pro se ___ __ appellant cannot represent a corporation. Eagle Assoc. v. ____________ Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991) (citing _________________ cases). 2. Lutin did not file a formal motion but rather sent a letter to the district court asking the court to "remove, vacate or reconsider the order and to suspend the judgment." Like the district court, we treat this as a motion pursuant to Fed. R. Civ. P. 60(b). On appeal, Lutin asserts that his letter also could be construed as a motion to amend judgment pursuant to Rule 59(e). However, since there is no evidence the letter was ever "served" upon appellee, it cannot function as a Rule 59(e) motion. Fed. R. Civ. P. 59(e); Rivera v. M/T Fossarina, 840 F.2d 152, 154 (1st Cir. 1988). ______ _____________ v. Guardian Life Insurance Co. of Am., 114 S.Ct. 1673, 1677 __________________________________ (1994). Since this is an action where the matter in controversy is more than $50,000 and between citizens of different states, 28 U.S.C. 1332 provides "an independent basis for federal jurisdiction." The district court therefore possessed subject matter jurisdiction over the motion to enforce the settlement agreement. See United ___ ______ States v. Baus, 834 F.2d 1114, 1127 n. 13 (1st Cir. 1987) ______ ____ (court possessed jurisdiction over enforcement of settlement agreement because fact that United States was party to the contract gave court an independent basis for federal jurisdiction). The claim that the court did not possess personal jurisdiction over Lutin was not clearly raised before the district court and thus has been waived. See Marcial Ucin, ___ _____________ S.A., v. SS Galicia, 723 F.2d 994, 996-97 (1st Cir. 1983) ___ ___________ (claim of lack of personal jurisdiction may be waived if not asserted in a timely fashion). Finally, we find no abuse of discretion in the district court's denial of Lutin's motion to vacate the judgment. See ___ de la Torre v. Continental Ins. Co., 15 F.3d 12, 14 (1st Cir. ___________ ___________________ 1994) (order denying motion for reconsideration in discretion of court). Insofar as that motion was predicated upon a claim that his attorney's failure to appear for the April 7 hearing prevented Lutin from presenting his arguments to the -3- district court, the attorney was aware of the date of the hearing and chose not to attend even though he had not obtained a continuance. Such "inexcusable neglect" by his attorney does not entitle Lutin to relief under Rule 60(b)(1). See Link v. Wabash R. Co., 370 U.S. 626, 633-36 ___ ____ _____________ (1962); Vargas v. Gonzalez, 975 F.2d 916, 918 (1st Cir. ______ ________ 1993). Lutin also seeks relief pursuant to Fed. R. Civ. P. 60(b)(6). However, this court has frequently indicated that "Rule 60(b)(6) may not be used as a back-door substitute for an omitted appeal, and, in all but the most exceptional circumstances, a party's neglect to prosecute a timeous appeal will bar relief under the rule." Cotto v. United _____ ______ States, 993 F.2d 274, 278 (1st Cir. 1993) (citing cases). We ______ have reviewed carefully the record in this case and the briefs of the parties and find no "exceptional circumstances" which would entitle Lutin to relief. Affirmed. ________ -4-