Stewart v. Mary Hitchcock Hospital    CV-95-597-M    10/17/97

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Betty S. Stewart,
        Plaintiff

        v.                                    Civil No. 95-597-M

Mary Hitchcock Memorial Hospital,
Thomas Ozahowski, and Beth Wolf,
        Defendants


**O R D E R**


By order dated July 1, 1997, the court granted defendants'
motion for summary judgment with regard to plaintiff's claims
under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §
2000e, et seq.  In accordance with the terms of that order, on
July 1, 1997, the clerk entered judgment in favor of defendants.
On July 25, 1997, plaintiff filed a motion for reconsideration,
arguing that the court failed to appreciate both the nature and
legal significance of defendants' alleged misconduct.  In short,
she asserts that the court misunderstood her arguments and the
applicable law and erroneously concluded that she was subjected
to neither a hostile work environment nor unlawful retaliation.
Accordingly, she moves the court to vacate its earlier order and
deny defendants' motion for summary judgment.


Plaintiff has not, however, based her motion to reconsider
on any specific Federal Rule of Civil Procedure (nor has she

invoked the arguably applicable Local Rule).  Nevertheless, it would seem that Rule 59(e) governs this situation.

> It is settled law in this circuit that a motion which asks the court to modify its earlier disposition of a case solely because of an ostensibly erroneous legal result is brought under Fed.R.Civ.P. 59(e).  Such a motion, without more, does not invoke Fed.R.Civ.P. 60(b).  See Silk v. Sandoval, 435 F.2d 1266, 1267 (1st Cir. 1971) ("If the court merely wrongly decides a point of law, that is not 'inadvertence, surprise, or excusable neglect'") (quoting Rule 60).

Rodriguez-Antuna v. Chase Manhattan Bank Corp., 871 F.2d 1, 2 (1st Cir. 1989).

Having found that plaintiff's motion is governed by the provisions of Rule 59(e), the court must necessarily deny it as untimely.  See Fed.R.Civ.P. 59(e) (requiring the filing of a motion to alter or amend judgement within 10 days of the entry of judgment).  See also Local Rule 7.2(d) (motions for reconsideration not otherwise governed by Rule 59 or 60 must be filed within 10 days of the date of the court's order).

Moreover, even if plaintiff's motion had been filed in a timely fashion (or if the court were able to characterize it as one properly filed pursuant to Rule 60), the court would still deny the motion on its merits.  Nothing in plaintiff's motion to reconsider persuades the court that its earlier ruling was erroneous, either factually or legally.  One of her claims does, however, merit brief discussion.  In her motion to reconsider,

2

plaintiff argues, <u>for the first time</u>, that two of the comments attributed to Ozahowski were not merely crude, insulting, hostile, and offensive, but were in fact actual "uninvited solicitations to perform sexual acts," intended as such. Plaintiff's motion for reconsideration at 2. Once again, however, plaintiff (through counsel) seems to have taken inordinate license with the factual record. <u>See also</u> <u>Stewart v. Mary Hitchcock Memorial Hosp</u>, No. 95-597-M, slip op. at 3 n.1 (D.N.H. July 1, 1997).

Contrary to plaintiff's repeated assertions, the statements attributed to Ozahowski cannot reasonably be considered actual "sexual solicitations" or "solicitations to perform sexual acts." Among other things, the context in which the statements were made and the tone with which they were delivered (as described by plaintiff herself) make that abundantly clear. <u>See, e.g.</u>, Stewart Deposition at 213-16 (describing Ozahowski as angry, "having a bad day," and probably upset with Dr. Greenberg when he made the statement involving Dr. Greenberg); Stewart Affidavit at ¶ 28 (stating that Ozahowski lost his temper and made the second vulgar statement attributed to him "[a]s an explanation for his lengthy absences [from the lab].")

There is nothing in the record which suggests that plaintiff actually viewed (or could reasonably have viewed) Ozahowski's statements as genuine sexual solicitations, rather than as the

3

crass expressions of frustration or insult she herself previously described.  Whether purposeful or merely the exaggerations of overly zealous advocacy, plaintiff's new assertions that Ozahowski's statements were in fact actual "sexual solicitations" appear to be not only unsupported, but frivolous and of recent invention, designed merely to create post-decisional claims which she neither recognized nor advanced before the adverse ruling on summary judgment.

For the foregoing reasons, plaintiff's motion for reconsideration (document no. 30) is denied as untimely.  And, even if the court were to view her pleading as timely, it would deny the relief she seeks on the grounds discussed.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

October 17, 1997

cc:  Joni N. Esperian, Esq.
     Julie Ann Moore, Esq.

4