Howard v. Antilla                    CV-97-543-M    10/27/98

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Robert Howard,
        Plaintiff

v.                                          Civil No. 97-543-M

Susan Antilla,
        Defendant


**O R D E R**

By order dated August 25, 1998, the court denied defendant's motion to dismiss, holding that plaintiff made a sufficient prima facie showing to permit the court to exercise specific personal jurisdiction over defendant.  Defendant now moves the court to reconsider that order.  Plaintiff objects.


**Discussion**

I.    Defendant's Motion to Reconsider is Untimely.

Defendant suggests that the court likely misconstrued her arguments concerning personal jurisdiction and, under the "focal point" test articulated by the Supreme Court in Calder v. Jones, 465 U.S. 783 (1984), it is the plaintiff who lacks sufficient contacts with New Hampshire to justify the exercise of personal jurisdiction over defendant in this forum.  Accordingly, defendant moves the court to reconsider its earlier order and grant her motion to dismiss for lack of personal jurisdiction.

Defendant has not, however, based her motion to reconsider on any specific Federal Rule of Civil Procedure (nor has she invoked the arguably applicable Local Rule). Nevertheless, it would seem that Rule 59(e) governs this situation.

> It is settled law in this circuit that a motion which asks the court to modify its earlier disposition of a case solely because of an ostensibly erroneous legal result is brought under Fed.R.Civ.P. 59(e). Such a motion, without more, does not invoke Fed.R.Civ.P. 60(b). See Silk v. Sandoval, 435 F.2d 1266, 1267 (1st Cir. 1971) ("If the court merely wrongly decides a point of law, that is not 'inadvertence, surprise, or excusable neglect' [under Rule 60]").

Rodriguez-Antuna v. Chase Manhattan Bank Corp., 871 F.2d 1, 2 (1st Cir. 1989).

Having found that defendant's motion is, at least in part, governed by the provisions of Rule 59(e), the court must necessarily deny it as untimely. See Fed. R. Civ. P. 59(e) (requiring the filing of a motion to alter or amend judgement within 10 days of the entry of judgment). See also Local Rule 7.2(d) (motions for reconsideration not otherwise governed by Rule 59 or 60 must be filed within 10 days of the date of the court's order). Defendant's motion to reconsider the court's order of August 25, 1998, was not filed until October 5, 1998, well beyond the 10 day limit imposed by the applicable rules. It is, therefore, denied as untimely.

II. Defendant's Motion Lacks Merit.

2

Even if the court were to consider defendant's motion to reconsider on the merits, it would deny it. For the reasons set forth in the court's prior order, defendant has sufficient "minimum contacts" with New Hampshire to permit the court to exercise personal jurisdiction over her in a manner that is consistent with constitutional principles of due process and fundamental fairness. The court does not agree with defendant that Calder suggests otherwise.[1]

While the precise facts of this case are distinguishable from those in Calder, insofar as plaintiff is not a resident of the forum state, that distinction is not sufficiently meaningful to compel the conclusion that the court lacks personal jurisdiction over defendant. Despite plaintiff's lack of residency in New Hampshire, his contacts with, and his business reputation in New Hampshire are substantial. Among other things, when defendant's article was published: (a) Howard was the chairman of the board of both Presstek and Howtek, headquartered in Hudson, New Hampshire; (b) when he was in the United States,

---

[1] In Calder, the Supreme Court adopted an "effects test" for determining whether a defendant has purposefully availed itself of the privilege of conducting activities in the forum state. See Noonan v. Winston Co., 135 F.3d 85, 90 (1st Cir. 1998). The Calder Court concluded that, "The [allegedly defamatory] article was drawn from California sources, and the brunt of the harm, in terms of both of respondent's emotional distress and the injury to her professional reputation, was suffered in California. In sum, California is the focal point of both the story and of the harm suffered. Jurisdiction over petitioners is therefore proper in California based on the 'effects' of their Florida conduct." Id., at 789.

3

Howard worked out of offices in Hudson, New Hampshire; and (c) Howard's personal relationship with, and business reputation in, New Hampshire were substantial, as demonstrated by the fact that defendant's story was prominently reported in two major New Hampshire newspapers the day after it was published in The New York Times. Consequently, while perhaps not the sole "focal point" of defendant's article, New Hampshire was certainly one of its principal focal points. See Calder, 465 U.S. at 788-89. See also Hugel v. McNell, 886 F.2d 1, 4-5 (1st Cir. 1989).

In determining whether it may properly exercise personal jurisdiction over a foreign defendant, a court must focus on "the relationship among the defendant, the forum, and the litigation." Shaffer v. Heitner, 433 U.S. 186, 204 (1977). Here, consideration of those factors and their relationship to one another, counsels in favor of the exercise of personal jurisdiction over defendant. Nevertheless, to the extent that this case presents the unusual circumstance in which the exercise of personal jurisdiction over defendant turns in part on the extent of plaintiff's contacts with the forum state, those contacts are sufficiently "manifold as to permit jurisdiction when it would not exist in their absence." Calder, 465 U.S. at 788.

**Conclusion**

4

Defendant's motion to reconsider the court's order of August 25, 1998 (document no. 20), is denied as untimely. Moreover, even if the court were to have considered that motion on the merits, it would have reaffirmed its earlier conclusion that it may properly exercise personal jurisdiction over defendant. Neither the Supreme Court's opinion in <u>Calder</u>, nor the application of the "focal point" or "effects" test (as part of the purposeful availment prong of the jurisdictional inquiry) compels a contrary conclusion.

**SO ORDERED**

_____
Steven J. McAuliffe
United States District Judge

October 27, 1998

cc:  Charles G. Douglas, III, Esq.
     Peter W. Mosseau, Esq.

5