[NOT FOR PUBLICATION — NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 01-2128

LESLIE ELLEN BOYLE,
Plaintiff, Appellant,

v.

COWTOWN BUS CHARTERS,
Defendant, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Joseph L. Tauro, U.S. District Judge]

---

Before

Selya, Circuit Judge,

Campbell, Senior Circuit Judge,

and Lynch, Circuit Judge.

---

Stephen F. Reardon on brief for appellant.
Edward J. Barshak and Sugarman, Rogers, Barshak & Cohen,
P.C. on brief for appellee.

---

**Per Curiam.** This personal injury action arises out of a highway accident that occurred in Texas. The district court determined that it lacked personal jurisdiction over the defendant, a Texas firm, and dismissed the action on that basis. The court thereafter denied the plaintiff's motion for reconsideration.

We have scoured the record and carefully considered the parties' briefs and arguments. We conclude that this appeal is timely only as to the district court's denial of the plaintiff's motion for reconsideration.[1] See Rodriguez-Antuna v. Chase Manhattan Bank, 871 F.2d 1, 2 (1st Cir. 1989). Given the exiguous showing made by the plaintiff, that denial plainly was within the district court's discretion. See id. at 3 ("Plaintiffs, if they had a case to make, should have made it in a timely fashion.").

We add, moreover, that even if we were to consider the underlying question of personal jurisdiction, we would uphold

---

[1]While a motion to alter or amend a judgment may toll the running of the appeal period, the plaintiff's motion for reconsideration was not filed within ten days of the date of the entry of the judgment and, thus, did not operate to toll the appeal period. See Fed. R. Civ. P. 59(e) (fixing ten-day window). Since the plaintiff's notice of appeal was filed more than thirty days after the date of entry of judgment, it is untimely vis-à-vis the judgment. See Fed. R. App. P. 4(a)(1). The notice of appeal was, however, filed within thirty days of the district court's denial of the motion for reconsideration. It is, therefore, timely as to that order.

the district court's order of dismissal. The plaintiff's reliance on the unsupported allegations in her complaint and memorandum in opposition to the motion to dismiss is manifestly insufficient to make out a prima facie case for *in personam* jurisdiction. See, e.g., Barrett v. Lombardi, 239 F.3d 23, 26-27 (1st Cir. 2001); Boit v. Gar-Tec Prods., Inc., 967 F.2d 671, 675 (1st Cir. 1992); see also Donatelli v. Nat'l Hockey League, 893 F.2d 459, 463 (1st Cir. 1990) (explaining that a finding of general personal jurisdiction requires a showing of "continuous and systematic contacts" with the forum state).

We need go no further. This appeal is groundless and, therefore, the judgment below may be summarily affirmed. See 1st Cir. R. 27(c).

**Affirmed.**