# United States Court of Appeals
## For the First Circuit

---

No. 08-8046

IN RE  LINDA LYNN WEAVER, DEBTOR

---

LINDA LYNN WEAVER,

Plaintiff, Respondent,

v.

HARMON LAW OFFICES, P.C., ET AL.,

Defendants, Petitioners.

---

PETITION FOR LEAVE TO APPEAL FROM THE
BANKRUPTCY COURT FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William C. Hillman, U.S. Bankruptcy Judge]

---

Before

Lipez, Selya and Howard,
Circuit Judges.

---

David M. Rosen, Harmon Law Offices, P.C., and Walter Oney on
response to order to show cause and petition for leave to appeal.

---

September 17, 2008

---

**Per Curiam**.     This is an attempted appeal from a bankruptcy court decision under 28 U.S.C. § 158(d)(2), added by section 1233(a)(2)(B) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. No. 109-8, 119 Stat. 23, 202-03.  That statute permits direct appeals to the court of appeals, with that court's permission, from bankruptcy court decisions under certain circumstances, including where the bankruptcy court certifies that the appeal satisfies the statutory criteria for permitting such a direct appeal.  See 28 U.S.C. § 158(d)(2)(A).  This is the first such attempted appeal to this court.

After the bankruptcy court transmitted its certification of the appeal to this court, we issued an order to show cause why the appeal should not be dismissed because (1) no timely notice of appeal was filed, as required by Interim Bankruptcy Rule 8001(f)(1), adopted by the Bankruptcy Court for the District of Massachusetts by Standing Order dated October 11, 2005, and (2) no authorization of the direct appeal was sought or obtained from this court, as required by 28 U.S.C. § 158(d)(2)(A).  In their response to that order, the defendants conceded that no notice of appeal had been filed in the bankruptcy court[1] and that no petition for

_____

[1]The defendants ask that the bankruptcy court's certification be deemed the functional equivalent of a notice of appeal. However, because certification of a direct appeal under section 158(d)(2) does not become effective until a timely appeal has been taken to the bankruptcy appellate panel under sections 158(b) and

authorization to appeal had been filed in this court but asked that the direct appeal be authorized despite those procedural missteps.

The answer to the question posed in the show-cause order depends in the first instance on whether the procedural requirements referenced in that order are deemed to be jurisdictional or, rather, mere claims-processing rules. See Bowles v. Russell, 127 S. Ct. 2360, 2364-66 (2007). Under Bowles, that determination depends, in turn, on whether the requirements are based on statutes, in which case they are deemed jurisdictional, or merely on court-promulgated rules, in which case they are not. Id. That question has not yet been decided by this or any other court of appeals, and the answer is not free from doubt.

Without resolving that jurisdictional question, we exercise our discretion under section 158(d)(2)(A) to deny leave to appeal. The existence of this serious jurisdictional question, and the substantial possibility that jurisdiction would ultimately be found lacking, means that allowing the appeal to proceed may not serve the purposes of section 158(d)(2), i.e., a rapid and definitive resolution of the underlying legal question by this court. See Weber v. United States Trustee, 484 F.3d 154, 158, 159 (2d Cir. 2007) (citing legislative history to that effect).

---

(c), BAPCPA, § 1233(b)(4)(A); Interim Bankr. R. 8001(f), the certification itself cannot serve as a notice of appeal.

Rather, if, as the bankruptcy court found in certifying this appeal, there are hundreds of cases pending in the Bankruptcy Court for the District of Massachusetts raising the same issue certified here, it would be preferable to resolve that issue in a case not raising the potentially fatal procedural problems presented here.

To avoid such problems in future cases, litigants, bankruptcy courts, and bankruptcy appellate panels should be careful to follow the procedures set forth in section 158 itself and in the applicable rules. Those rules appear in uncodified section 1233(b) of the BAPCPA, Interim Bankruptcy Rule 8001(f) (adopted by standing order by all bankruptcy courts in this circuit), and Proposed Rule 8001(f) of the Federal Rules of Bankruptcy Procedure, which will become effective on December 1, 2008, barring any contrary action by Congress in the meantime.

The petition is denied, and the appeal is terminated.