Not for Publication in West's Federal Reporter

# United States Court of Appeals

## For the First Circuit

No. 09-8004

IN RE   LINDA LYNN WEAVER, DEBTOR

LINDA LYNN WEAVER,

Plaintiff, Respondent,

v.

HARMON LAW OFFICES, P.C., ET AL.,

Defendants, Petitioners.

PETITION FOR LEAVE TO APPEAL FROM THE
BANKRUPTCY COURT FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William C. Hillman, U.S. Bankruptcy Judge]

Before

Lipez, Selya and Howard,
Circuit Judges.

David M. Rosen, Harmon Law Offices, P.C., and Walter Oney on
response to order to show cause and petition for leave to appeal.

April 6, 2009

**Per Curiam**.  This is the defendants' second attempt to take a direct appeal from a bankruptcy court order under 28 U.S.C. § 158(d)(2),[1] added by section 1233(a)(2)(B) of the Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA), Pub. L. No. 109-8, 119 Stat. 23, 202-03 (2005).  We denied the previous petition because of "[t]he existence of a serious jurisdictional question,[2] and the substantial possibility that jurisdiction would ultimately be found lacking," leaving us to fear "that allowing the appeal to proceed m[ight] not serve the purposes of section 158(d)."  In re Weaver, 542 F.3d 257, 259 (1st Cir. 2008) (per curiam).  We further stated that "if, as the bankruptcy court found in certifying this appeal, there are hundreds of cases pending in the Bankruptcy Court for the

---

[1]The pertinent part of that subdivision provides as follows:

> The appropriate court of appeals shall have jurisdiction of appeals [from bankruptcy court judgments, orders, and decrees, including interlocutory orders with leave of the district court or bankruptcy appellate panel] if the bankruptcy appellate panel involved, acting on its own motion or on the request of a party to the judgment, order, or decree . . ., or all the appellants and appellees (if any) acting jointly, [make certain certifications] and if the court of appeals authorizes the direct appeal of the judgment, order, or decree.

28 U.S.C. § 158(d)(2)(A).

[2]The jurisdictional question was whether this court had jurisdiction despite the appellant's failure to file a timely notice of appeal or to seek permission from this court to appeal.

District of Massachusetts raising the same issue certified here, it would be preferable to resolve that issue in a case not raising the potentially fatal procedural problems presented here." Id. We cautioned both lower courts and litigants to avoid such problems in future cases by carefully following the procedures set forth in section 158 and in the applicable rules. Id.

Rather than waiting for a procedurally clean case, the defendants attempted to cure the procedural problems with this case by moving for reconsideration of the interlocutory order in question and then assaying a direct appeal from the bankruptcy court's denial of that motion. In so doing, they created other procedural problems, which prompted us to issue an order to show cause why this case should not be transmitted to the district court.[3] Without deciding whether the procedural problems identified in the show-cause order would preclude us from authorizing a direct appeal, we exercise our discretion to deny such authorization because, even if the certified issue is sufficiently important to warrant a direct appeal (a matter on

---

[3]The problems identified in the order to show cause were the bankruptcy court's transmission of the notice of appeal and motion for leave to take an interlocutory appeal to this court rather than to the district court as required by Fed. R. Bankr. P. 8003(b) and the defendants' failure to file a timely petition for leave to take a direct appeal in this court as required by Fed. R. Bankr. P. 8001(f)(5).

which we take no view), this case is not an appropriate vehicle for resolving that issue. We explain briefly.

In their response to the show-cause order, the defendants identify the issue warranting a direct appeal as "[w]hether or not the act of postponing a mortgage foreclosure sale during a pending bankruptcy violates the automatic stay." The bankruptcy court resolved that issue adversely to the defendants in its decision issued on March 27, 2008, denying the defendants' motion for summary judgment and granting partial summary judgment to the plaintiff. But the defendants failed to file a timely notice of appeal from that decision. See Weaver, 542 F.3d at 258. Despite this omission, the defendants' present notice of appeal purports to appeal not only from the bankruptcy court's recent denial of their motion for reconsideration but also from the original summary judgment decision itself.

Given that sequence of events, granting leave to take a direct appeal now would present the same jurisdictional issue that we previously found unsettling. See Rodríguez-Antuna v. Chase Manhattan Bank Corp., 871 F.2d 1, 2 (1st Cir. 1989) (holding that "a punctual appeal from an order denying . . . a [post-judgment] motion [other than one of the timely filed motions specified in Fed. R. App. P. 4(a)(4)(A)] does not automatically produce a Lazarus-like effect; it cannot resurrect appellants' expired right to contest the merits of the underlying

-4-

judgment, nor bring the judgment itself before [the appellate court] for review").  The continued existence of that issue again makes it unlikely that authorizing a direct appeal would result in a "definitive resolution of the underlying legal question by this court."  Weaver, 542 F.3d at 259.

We need go no further.  For these reasons, we deny the request for leave to take a direct appeal to this court under 28 U.S.C. § 158(d)(2) and direct the Clerk to transmit the case to the district court for docketing and for a ruling on whether to grant defendants' petition for leave to take an interlocutory appeal.  See Fed. R. Bankr. P. 8003(b) & (d), 8007(b).

So ordered.