Ana Josefina **GONZALEZ TURUL,**
Plaintiff, Appellee,

v.

**ROGATOL DISTRIBUTORS, INC.,**
et al., Defendants, Appellees,

**Belisario Araujo and Guillermo Araujo,**
Defendants, Appellants.

No. 91–1472.

United States Court of Appeals,
First Circuit.

Heard Sept. 13, 1991.

Decided Nov. 27, 1991.

Jose Hamid Rivera, for defendants, appellants.

Harold D. Vincenti with whom Vincente & Cuebas was on brief, for plaintiff, appellee.

Before BREYER, Chief Judge, BOWNES, Senior Circuit Judge, and LOUGHLIN,* Senior District Judge.

BOWNES, Senior Circuit Judge.

This civil appeal stems from a shareholder derivative action brought by plaintiff/appellee Ana Gonzalez Turul ("Gonzalez") on behalf of Rogatol Distributors, Inc. ("Rogatol") against defendants/appellants Belisario Araujo and Guillermo Araujo. Belisario Araujo and Guillermo Araujo appeal from a general jury verdict finding them jointly and severally liable for damages to the corporation. Finding that plaintiff/appellee Gonzalez failed to meet the requirements of Federal Rule of Civil Procedure 23.1, we hold that the complaint should have been dismissed and reversed.[1]

## I. Background

Appellee Ana Gonzalez Turul instituted a shareholder derivative action in the District Court for Puerto Rico against Belisario Araujo and Guillermo Araujo. Belisario Araujo is the president and majority shareholder of Rogatol. Guillermo Araujo, Belisario's son, is an employee of the company. In her amended complaint Gonzalez alleged various acts of self-dealing and violations of fiduciary duties by the Araujos. Nowhere in the complaint did Gonzalez allege that she made demand upon Rogatol or that demand was futile as required by Federal Rule of Civil Procedure 23.1.

The Araujos, in their answer, denied the allegations and moved to dismiss because Gonzalez never made demand on the corporation or alleged with particularity that demand was futile. The trial court refused to dismiss the action. The Araujos also raised Gonzalez' failure to make demand in

---

* Of the District of New Hampshire, sitting by designation.

1. We do not consider the other issues raised on appeal.

a motion to dismiss dated October 4, 1990, and directed verdict motions.

After a jury trial, Gonzalez received a verdict for $100,000 against the Araujos jointly and severally on the shareholder derivative action. The jury, however, rejected Gonzalez' personal damage claim against the Araujos. The Araujos again alleged, as one of several issues in a motion for judgment n.o.v., that Gonzalez never made demand on the corporation or alleged its futility with particularity. The court again denied the Araujos' motion.

## II. Discussion

■ Shareholder derivative actions in federal court are governed by Federal Rule of Civil Procedure 23.1.[2] In the recent Supreme Court case of *Kamen v. Kemper Financial Services, Inc.,* — U.S. —, 111 S.Ct. 1711, 114 L.Ed.2d 152 (1991), the Court clarified that Federal Rule of Civil Procedure 23.1 does not *"create* a demand requirement of any particular dimension." *Id.* 111 S.Ct. at 1716 (emphasis in original). It only speaks "to the adequacy of the shareholder representative's pleadings." *Id.* The substantive requirements of demand are a matter of state law. *Id.* at 1723.[3]

In a federal shareholder derivative action, a shareholder must plead with particularity either that demand was made on the corporation or that demand was futile. Fed.R.Civ.P. 23.1. This circuit vigorously enforces this requirement and will dismiss derivative actions when plaintiffs do not comply. *Grossman v. Johnson,* 674 F.2d 115, 125 (1st Cir.), *cert. denied,* 459 U.S. 838, 103 S.Ct. 85, 74 L.Ed.2d 80 (1982); *Heit v. Baird,* 567 F.2d 1157, 1160 (1st Cir.1977). In doing so, we have recognized the important policy behind the demand requirement. A shareholder derivative action is an action of last resort. *See In Re Kauffman Mutual Fund Actions,* 479 F.2d 257, 263 (1st Cir.), *cert. denied,* 414 U.S. 857, 94 S.Ct. 161, 38 L.Ed.2d 107 (1973). When shareholders undertake such an action it implies that the corporation is unwilling or unable to conduct a suit on its own behalf. Clearly, it should first be ascertained whether the corporation is unwilling to undertake the action. 479 F.2d at 263 ("[T]o be allowed, sua sponte, to place himself in charge without first affording the directors the opportunity to occupy their normal status, a stockholder must show that his case is exceptional.").

■ In this case Gonzalez never alleged in her complaint that she made a demand on the board of directors of Rogatol. Neither did she allege in her complaint that such demand would have been futile. Instead, as appellee, she now claims that demand would have been futile and therefore excused. This is too late.

(Emphasis added).

---

**2.** Fed.R.Civ.P. 23.1 reads:
In a derivative action brought by one or more shareholders or members to enforce a right of a corporation ... the corporation ... having failed to enforce a right which may properly be asserted by it, the complaint shall be verified and shall allege (1) that the plaintiff was a shareholder or member at the time of the transaction of which the plaintiff complains or that the plaintiff's share or membership thereafter devolved on the plaintiff by operation of law, and (2) that the action is not a collusive one to confer jurisdiction on a court of the United States which it would not otherwise have. *The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action that the plaintiff desires from the directors or comparable authority ... and the reasons for the plaintiff's failure to obtain the action or for not making the effort.*

**3.** In *Kamen,* the Court addressed the issue whether in an action based on a federal statute, the Investment Company Act, federal common law should incorporate state law. Finding that the state's interest in allocating power in the corporate structure outweighed any federal interest in uniformity, the Court held that state law should govern. *Kamen,* 111 S.Ct. at 1720–22. In the present diversity action it is apparent that, since Fed.R.Civ.P. 23.1 does not create a federal substantive demand requirement, *see id.* at 1716–17, a demand requirement must derive from state law. *See Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938) ("Except in matters governed by the Federal Constitution or Acts of Congress, the law to be applied in any case is the law of the State.").

We need not consider the question of whether, under Puerto Rican law, demand would have been excused.[4]  Under Federal Rule of Civil Procedure 23.1 she was required in the complaint to allege with particularity the facts that would lead to that conclusion.  *Grossman*, 674 F.2d at 123; *In Re Kauffman*, 479 F.2d at 263.  Futility of demand will not be decided with the benefit of hindsight, as the appellant would have us do.  As this court has stated, "it is clear that the 'particularity' must appear in the pleading itself;  the stockholder may not plead in general terms, hoping that, by discovery or otherwise, [s]he can later establish a case.  Indeed, if the requirement could be met otherwise, it would be meaningless."  *Id.*  In this case, Gonzalez did not even plead demand in general terms in her complaint, but instead made conclusionary arguments on appeal that demand should be excused as futile.  Before deciding substantively whether demand was required under the relevant state law, it is imperative that the trial court be provided with the necessary facts in the pleadings.

Because the complaint did not plead with particularity as required under Rule 23.1, we reverse the judgment and dismiss the complaint without prejudice.  Costs awarded to appellants.

So ordered.

4.  Puerto Rican law does not specifically elaborate the requirements of demand or when it is excused.  As both parties have conceded, Puerto Rican corporate law was modeled after Delaware corporate law.  *See Marquis Theatre Corp. v. Condado Mini Cinema,* 846 F.2d 86, 91 (1st Cir.1988) (looking to Delaware corporate law to determine Puerto Rican corporate law definition of the business judgment rule).  Under Delaware law, demand is required unless the shareholder can demonstrate that either the majority of directors had a financial interest in the challenged transactions or that a majority of directors lacked independence or otherwise demonstrated a lack of due care.  *Levine v. Smith,* 591 A.2d 194, 205 (Del.1991).