McKeown v. Dartmouth Bookstore, Inc.  CV-96-221-SD 08/14/97

# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF NEW HAMPSHIRE


Judith S. McKeown

    v.                                    Civil No. 96-221-SD

Dartmouth Bookstore, Inc.


# O R D E R


This order considers the issues raised by a number of pending pretrial motions and objections.[1]


## 1.  Defendant's Motion for Reconsideration of the Court's Order Denying Summary Judgment as to Count IV, document 34

Filed on July 15, 1997, this motion seeks reconsideration of the court's summary judgment order of June 30, 1997.  Document 33.  Relying on cases decided on the day of, King v. Town of Hanover, 116 F.3d 965 (1st Cir. 1997), and ten days after, Randlett v. Shalala, No. 96-1950 (1st Cir. July 10, 1997), the

---

[1]The court does not here rule on objections to proffered exhibits and requests for instructions.  The court will rule as to the admissibility of exhibits at the time they are proffered in evidence and will rule on requests for instructions in the course of the charge conference to be held at the conclusion of the evidence.  The court does here grant as a matter of housekeeping the defendant's motion to file a corrected replacement to defendant's special jury verdict questionnaire. Document 57.

issuance of the summary judgment order, defendant challenges the court's ruling which denied the relief of summary judgment as to Count IV of plaintiff's amended complaint.  Plaintiff objects to the motion for reconsideration.  Document 35.

Plaintiff has the better of this argument.  Neither of the recent decisions, fairly read, casts doubt on this court's decision to evaluate, among other things, the timing of the adverse employment action in retaliation to the plaintiff's complaints about sexual harassment.  The court finds that neither case stands for the proposition that timing of events is never relevant to the question of retaliatory animus.  See Randlett, supra, slip op. at 14, 15 (concentrating on lack of evidence that Washington, D.C., officials harbored animus); King, supra, 116 F.3d at 968 (holding that evidence that disciplinary action occurred five months after employee's complaint could not support inference of retaliatory motivation).

The motion for reconsideration having been duly considered by the court, the relief therein sought must be and it is herewith denied.

2.  Plaintiff's Motion to Reconsider Summary Judgment Order, document 46

Filed on April 4, 1997, this motion seeks reconsideration of

2

the grant of summary judgment to the defendant on Counts I and III of the amended complaint. The motion relies on what plaintiff describes to be "newly discovered evidence" in the form of the affidavit of one Laura Lichello. The defendant objects. Document 62.

In point of fact, the affidavit of Laura Lichello dated July 23, 1997, and apparently furnished plaintiff's counsel by defendant's counsel under date of July 24, 1997, is not "newly discovered evidence." As plaintiff's deposition of December 3, 1996, amply demonstrates, she was well aware that Laura Lichello was a potential witness in this case, at least as of the time of said deposition. This being so, plaintiff here has failed to demonstrate why this evidence could not have been timely provided with the original summary judgment materials. See Ayalla-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 96 n.6 (1st Cir. 1996) (declining to consider sworn statements submitted with motion for reconsideration because "[n]ot only were they not part of the original summary judgment materials, but appellants have not demonstrated why this new evidence could not have been timely provided with the summary judgment materials.").[2]

---

[2]In addition, properly reviewed, the evidence set forth in the affidavit would not change the decision of the court to award summary judgment in favor of defendant on the sexual harassment and age harassment claims. If anything, this affidavit is favorable to the position of defendant and not to that of

3

In addition, the challenged summary judgment order issued under date of June 30, 1997. Document 33. A motion for reconsideration is a motion seeking to alter or amend judgment within the meaning of Rule 59(e), Fed. R. Civ. P.[3] Feinstein v. Moses, 951 F.2d 16, 19 n.3 (1st Cir. 1991). Accordingly, as defendant correctly points out, the motion for reconsideration must be filed within ten days of the entry of the judgment. Id.

The ten-day deadline is mandatory, and the district court has no power or discretion to modify it. Vargas v. Gonzalez, 975 F.2d 916, 917 (1st Cir. 1991). It follows that, for the reasons hereinabove outlined, the motion for reconsideration must be and it is herewith denied.

### 3. Defendant's Motion In Limine to Exclude Evidence of Age, Disability, and Sexual Harassment, document 40

Pointing to the fact that the summary judgment order (document 33) resulted in abrogation of all of plaintiff's claims but those set forth in Count II, age discrimination; and Count IV, retaliatory discharge, defendant seeks to limit plaintiff's evidence to such claims as plaintiff reported to management. plaintiff.

[3]Rule 59(e), Fed. R. Civ. P., provides: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."

Plaintiff objects.  Document 50.

At this stage of the proceedings, and without being privy to all of plaintiff's evidence, the court is not in a position to rule on this motion.  Certainly plaintiff is entitled to produce evidence from other witnesses who made complaints to management of the same type as those raised by plaintiff related to her age discrimination and retaliatory discharge complaints.  Moreover, as her objection suggests, the evidence sought to be excluded may well be relevant and probative as to plaintiff's state of mind concerning her belief that a violation occurred.  Document 33, at 9.  The evidence sought to be excluded may also be probative of defendant's state of mind, animus on the part of defendant toward plaintiff, and the issues of malice or reckless indifference, as well as on the issue of punitive damages.

The court does not necessarily hold that the evidence is so probative, but without knowledge of the context of the evidence sought to be excluded, the court must herewith and does deny the defendant's motion.  Such denial is without prejudice to defendant's right to object to any proposed evidence on the ground of irrelevance or unfair prejudice as of the time such evidence is proffered in the course of trial.

5

## 4. Defendant's Request to Exclude the Public and Seal Transcript, document 41

This motion seeks to protect the confidentiality of plaintiff's financial information. In her response, plaintiff takes no position on the issue, while opposing restrictions on the filing of any information with this or any higher court which might hamper her ability to present her case. Document 47.

The defendant's position is reasonable in light of the highly competitive nature of the defendant's business and the fact that financial documents and other financial evidence provided in the course of discovery have been produced subject to the terms of a confidentiality agreement. Accordingly, the motion is granted, and counsel are directed to advise the court sufficiently in advance of any proposal to present such financial information evidence so that the court might at such time exclude the public and direct sealing of those portions of the transcript which discuss the financial information at issue.

## 5. Plaintiff's Motion in Limine, document 43

This motion, to which defendant objects (document 51), seeks to prevent defendant from offering any evidence not produced in the course of discovery. At issue are certain handwritten charts prepared by David Cioffi containing comparisons of book sales

figures for certain calendar periods; invoices demonstrating costs associated with the purchase and installation of a computer system; and the previous affidavit of Laura Lichello.

The short answer to plaintiff's complaint is that the handwritten charts were taken from various financial documents which have been made available for inspection by plaintiff's counsel at least from November 22, 1996, and the computer invoices were also contained within such documents. In addition, as previously discussed in the course of this order, plaintiff was well aware of the fact that Laura Lichello might be a witness at least as of the time of her deposition on December 3, 1996.

Plaintiff also seeks to limit defendant's evidence to that concerning its "economic necessity" as the sole ground for the layoff of plaintiff. This argument overlooks the deposition testimony of Cioffi (pp. 51-54) concerning the part that plaintiff's interpersonal skills played in his assessment of whether she should be selected for termination. Moreover, depending on the scope of the evidence permitted by the court to be introduced by plaintiff concerning the underlying incidents of alleged harassment and hostile environment, defendant should be allowed to meet these allegations with its evidence of plaintiff's workplace conduct.

Accordingly, the plaintiff's motion in limine must be and it

7

is herewith denied.


<u>6.  Defendant's Objection to Plaintiff's Unnamed Norwich</u>
<u>Bookstore Witness, document 52</u>

In her pretrial statement of July 24, 1997, plaintiff listed as a potential witness, "witness for Norwich Bookstore - to be named."  Document 36, at 2.  Defendant moves to preclude the testimony of such witness on the ground that plaintiff's failure to identify the witness is violative of Rule 26(a)(3)(A), Fed. R. Civ. P.,[4] and that such testimony is also irrelevant in these proceedings.

In her objection (document 61), plaintiff has identified the witness as Penny McConnell, owner of the Norwich Bookstore, and states that McConnell is expected to testify to the effect that because of the small size of her business it would not provide, as defendant has contended, much competition to defendant. Plaintiff advises that the witness was earlier unnamed because plaintiff was attempting to learn her identity as of the time of filing of the pretrial statement.

On review of the arguments for and against the allowance of

---

[4]Rule 26(a)(3)(A) provides that the party must provide to opponents "information regarding the evidence that it may present at trial," including "the name . . . of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises."

the testimony of Ms. McConnell, the court believes that this witness should be allowed to testify.  However, in thus overruling defendant's objection, the court will permit defendant, at its option, to either depose McConnell before she appears to testify or permit defendant to voir dire Ms. McConnell without the presence of the jury when she does appear to testify.  Thus conditioned, the objection of defendant is overruled.

## 7.  Defendant's Objection to Plaintiff's Request for an Advisory Verdict

In both her original (document 42) and amended (document 59) trial briefs, plaintiff suggests to the court the use of an advisory verdict on those issues presented concerning plaintiff's Title VII claims.  Defendant objects.  Document 53.

The use of an advisory jury is governed by Rule 39(c), Fed. R. Civ. P.[5]  The authority of the court to impanel an advisory jury is discretionary and not a matter of right.  8 MOORE'S FEDERAL PRACTICE § 39.40[4], at 39-83 (3d ed. Matthew Bender 1997).  Such discretion will not be exercised except in cases that are "extraordinary," "peculiar or unique" or "exceptional."  Id. § 39.41, at 39-84.  As the advisory jury does not replace the court

---

[5]Rule 39(c) provides in pertinent part, "In all actions not triable of right by a jury the court upon motion or of its own initiative may try any issue with an advisory jury . . . ."

9

as trier of fact, id. at § 39.42[1], at 39-88, the verdict of the advisory jury has no binding effect on the court, which may accept or reject an advisory verdict in whole or in part. Id. § 39.42[2], at 39-89.

Consideration of these requirements persuades the court that the instant action is not one where the claims of the plaintiff advanced pursuant to Title VII should be decided by an advisory verdict, and accordingly the defendant's objection is herewith granted.


8. Conclusion

For reasons hereinabove set forth, the court has

- granted defendant's motion to file corrected replacement page to defendant's special jury verdict questionnaire (document 57);

- denied defendant's motion for reconsideration of the summary judgment order (document 34);

- denied plaintiff's motion for reconsideration of such summary judgment order (document 46);

- denied defendant's motion in limine to exclude evidence of age, disability, and sexual harassment (document 40);

- granted defendant's motion to exclude the public and seal transcript (document 41);

10

- denied plaintiff's motion in limine (document 43);

- overruled defendant's objection to plaintiff's unnamed Norwich Bookstore witness on certain conditions (document 52); and

- sustained defendant's objection to plaintiff's request for an advisory verdict (document 53).

As counsel have been advised, the jury in this case will be the second jury to be selected on the morning of Tuesday, August 19, 1997, and evidence in this case will go forward during the week of August 25, 1997.

**SO ORDERED.**

_____
Shane Devine, Senior Judge
United States District Court

August 14, 1997

cc:   All Counsel

11