Snyder v. Eno, et al.                    CV-92-287-M    03/26/98

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Jennifer Snyder,

        Plaintiff

        v.                                        Civil No. 92-287-M

Michael Eno, Brian Erskine, Brian Adams,
Mascoma Valley Regional School District,
SAU #62, SAU # 32, David Miller, John Carr,
Daniel Whitaker, William Bellion,
Terri Pelletier, Richard Bresset,
and Patricia Rocke,

        Defendants


## O R D E R


On September 30, 1997, the court granted defendants' motions to dismiss and/or for summary judgment, concluding that plaintiff's claims were barred by the statute of limitations. Accordingly, judgment was entered in favor of all defendants. Plaintiff now moves the court to reconsider that order and reopen her claims against all defendants. Defendants (with the exception of Brian Adams) object.


## Background

Plaintiff filed this action seeking damages under 42 U.S.C. § 1983, Title IX of the 1972 Educational Amendments, and New Hampshire common law, claiming that she had been physically and emotionally abused by her former teachers. In her papers, plaintiff identified three categories of defendants: the first

included the teachers or coaches who allegedly assaulted and tormented her; the second included those other faculty members who were allegedly aware of the abuse, but failed to act; and the third included the school district itself and its administrators.

After reviewing the parties' motions and affording them the opportunity to present oral argument, the court concluded that plaintiff failed to file her claims within the applicable limitations period and dismissed her complaint as untimely. Nevertheless, the court afforded plaintiff 30 days within which to file a post-judgment motion for reconsideration, specifically addressing her undeveloped claim that defendants should be equitably estopped to assert a statute of limitations defense. Snyder v. Eno, No. 92-287-M, slip op. at 22-23 n.6 (D.N.H. September 30, 1997).

Accepting the court's invitation, plaintiff filed a motion to reconsider the issue of equitable estoppel. She has, however, also moved the court to reconsider its conclusions regarding the running of the applicable statute of limitations, application of the so-called "discovery rule," and plaintiff's failure to establish a systemic continuing violation.

**Discussion**

I.   Statute of Limitations, Discovery Rule,
     and Continuing Violations.

2

As to plaintiff's theories regarding the appropriate limitations period, discovery rule, and continuing violations, she argues that the court failed to appreciate the nature and legal significance of her claims and defendants' alleged misconduct. She says the court misunderstood her arguments and the applicable law and erroneously concluded that her claims were barred by the statute of limitations. Accordingly, she moves to vacate the dismissal order deny defendants' dispositive motions, and reinstate all her claims:

Plaintiff has not, however, based her motion to reconsider on any specific Federal Rule of Civil Procedure (nor has she invoked the arguably applicable Local Rule). Nevertheless, it would seem that Rule 59(e) governs this situation.

> It is settled law in this circuit that a motion which asks the court to modify its earlier disposition of a case solely because of an ostensibly erroneous legal result is brought under Fed.R.Civ.P. 59(e). Such a motion, without more, does not invoke Fed.R.Civ.P. 60(b). See Silk v. Sandoval, 435 F.2d 1266, 1267 (1st Cir. 1971) ("If the court merely wrongly decides a point of law, that is not 'inadvertence, surprise, or excusable neglect' [under Rule 60]").

Rodriguez-Antuna v. Chase Manhattan Bank Corp., 871 F.2d 1, 2 (1st Cir. 1989).

Having found that plaintiff's motion is, at least in part, governed by the provisions of Rule 59(e), the court must necessarily deny it as untimely. See Fed. R. Civ. P. 59(e)

3

(requiring the filing of a motion to alter or amend judgement within 10 days of the entry of judgment). See also Local Rule 7.2(d) (motions for reconsideration not otherwise governed by Rule 59 or 60 must be filed within 10 days of the date of the court's order). The court retained jurisdiction solely to entertain plaintiff's motion for reconsideration with regard to her theories of estoppel and equitable tolling. See Air Line Pilots Ass'n v. Precision Valley Aviation, Inc., 26 F.3d 220, 223 (1st Cir. 1994). Accordingly, it lacks jurisdiction over her remaining claims, which were not raised in a timely fashion. See Acevedo-Villalobos v. Hernandez, 22 F.3d 384, 390 (1st Cir. 1994) ("Because plaintiffs' second Rule 59(e) motion to reconsider was . . . untimely (not served within 10 days of entry of the judgment), the district court was without jurisdiction to grant it."). Additionally, the court is without jurisdiction to extend the period within which a Rule 59(e) motion to reconsider may be filed. See Feinstein v. Moses, 951 F.2d 16, 19 (1st Cir. 1991). See also Fed. R. Civ. P. 6(b) (prohibiting the court from extending the time for taking action under Rule 59(e)).

Moreover, even if plaintiff's motion had been filed in a timely fashion, the court would still deny it on the merits. Nothing in plaintiff's motion to reconsider persuades the court that its earlier rulings concerning the applicable statute of limitations, the unavailability of the discovery rule, or the

4

inapplicability of a continuing violations theory were erroneous, either factually or legally.

II. Equitable Estoppel.

In its order of September 30, 1997, the court afforded plaintiff 30 days to file a post-judgment motion for reconsideration with regard to her equitable estoppel/tolling claims:

> [B]ecause of the compelling nature of plaintiff's underlying assertions of fact, the court is inclined to afford her another opportunity to properly develop an equitable estoppel claim, if she can. Accordingly, on or before October 31, 1997, plaintiff may submit a motion to reconsider, in which she fully develops, and properly supports, an equitable estoppel claim and, among other things, specifically identifies the defendants against whom equitable estoppel arguably applies and why (e.g., is William Bellion equitably estopped to assert the statute of limitations because of Eno's alleged threats?).

Snyder v. Eno, No. 92-287-M, slip op. at 22-23 n.6 (D.N.H. September 30, 1997). In response, plaintiff filed a timely (at least with regard to that issue) motion for reconsideration and a supporting memorandum in which she argues that all of the defendants are equitably estopped to assert the statute of limitations.

5

A.   The "Complicity" Defendants and Administrative Defendants.

Plaintiff does not claim that any of the defendants in either of these categories (which she herself has defined) actively engaged in any threatening or coercive conduct aimed at preventing her from reporting the allegedly abusive conduct of defendants Adams, Eno, or Bressett.  Instead, she simply reiterates her earlier claims that the "complicity abusing" defendants and the administrative defendants (collectively, the "non-abusing defendants") had a duty to report the abuse and failed to honor that duty.  For example, she alleges that:

> [The so-called complicity abusing] Defendants, by failing to act or intercede in any manner whatsoever to aid or protect Plaintiff, have violated their statutory duty and disregarded their own standards of professional responsibility.
>
> * * *
>
> [W]hen it came to protecting Plaintiff, the complicity abusing defendants sat on their hands, and by their inaction, gained an unfair advantage over Plaintiff. By their conduct, they failed to put Plaintiff on notice that she in fact was suffering an actionable wrong.  Plaintiff reasonably relied on the Defendants' lack of taking any steps to aid or protect her as an affirmation that the conduct was within the limits of acceptable norms.  Their omissions are analogous to fraudulent concealment, or deception, and accordingly, these Defendants are equitably estopped from asserting a statute of limitations claim.

Plaintiff's memorandum (document no. 231) at 16-17 (emphasis in original).  Plaintiff raises equally unavailing arguments with regard to the administrative defendants, claiming that they:

> are also estopped from asserting the statute of limitations because they failed to educate Plaintiff

6

about sexual harassment. Not only did they have all of the same duties as the complicity abusing defendants, but they, as the administrators, had the ultimate responsibility to know what the law required and to insure that it was enforced. It was also their responsibility to carry out the policy against sexual abuse and harassment presumptively adopted by the school board in 1985.

* * *

Because the administrative defendants failed to protect the plaintiff, even in light of knowledge of the abuse she suffered by their agents which is imputed to them, and because the administrative defendants failed to educate the plaintiff so she would be able to understand the nature of the wrong being committed against her, the administrative defendants should not be able to assert the statute of limitations in this case.

Id., at 18, 20.

Plaintiff's claims lack merit and require little discussion beyond that provided in the court's prior order. While defendants' passivity may well have been actionable (if plaintiff had filed her claims in a timely fashion), plaintiff has failed to point to anything in the record which would support the conclusion that the non-abusing defendants' inaction constituted "fraudulent concealment" or "deception," such that equitable tolling would be appropriate.

Parenthetically, the court notes that plaintiff's equitable estoppel/tolling theory with regard to the non-abusing defendants is logically flawed. The core of her argument is that Eno and Adams threatened her and, through a pattern of intimidation and

7

coercion, convinced her not to disclose that they had sexually harassed and physically abused her. At the same time, however, she claims to have been unaware of any wrongdoing because the non-abusing defendants failed to inform her that she had suffered actionable injuries at the hands of Eno and Adams. This inconsistency underscores the confused nature of plaintiff's estoppel claims against the non-abusing defendants and, along with other factors, counsels in favor of denying plaintiff's requested relief with regard to those defendants.

B.    <u>Defendants Eno and Adams</u>.

As the court noted in its earlier order, to benefit from principles of equitable estoppel or equitable tolling, plaintiff must show that a defendant wrongfully induced her to refrain from filing a timely complaint <u>and</u> that she eventually did file a complaint within a reasonable period after the facts giving rise to estoppel ceased. <u>See generally</u>, <u>Overall v. Estate of Klotz</u>, 52 F.3d 398 (2d Cir. 1995); <u>Murphy v. Merzbacher</u>, 697 A.2d 861 (Md. 1997); <u>Anonymous v. Anonymous</u>, 584 N.Y.S.2d 713 (N.Y. Sup. Ct. 1992). With regard to defendants Adams and Eno, plaintiff has carried that burden.

In her most recent affidavit, plaintiff asserts that between 1987 and 1992, Eno threatened her on numerous occasions, repeatedly telling her that he would kill her if she ever revealed the nature of their relationship. <u>See</u> Affidavit of

8

Jennifer Snyder, paras. 2-7 (Exhibit A to document no. 231). Those allegations are entirely consistent with, and augment, her earlier deposition testimony. See Snyder deposition at 73-75 (Exhibit 10 to document no. 207). Plaintiff specifically alleges that she believed that Eno's threats were genuine and that he was fully capable of carrying them out. See Snyder Affidavit at paras 5-6; Snyder deposition at 104. She also alleges that Eno's threats caused to her fear for her safety and prevented her from disclosing to anyone the nature of Eno's abusive conduct until 1992, when the Hanover Police Department opened an investigation into events at plaintiff's school and interviewed her as part of that investigation. See id.

Plaintiff alleges that Adams engaged in similar, although somewhat less extensive, threatening behavior. She says that on at least one occasion, Adams threatened to kill her if she ever revealed the nature of their relationship to anyone. See Snyder Affidavit at paras. 8-9. She also claims to have been threatened and intimidated by Adams' having repeatedly followed her to work sometime in 1992. Snyder deposition at 181-82. Although she acknowledges that Adams' threats were less pervasive than those of Eno, she says that they (combined with Adams' threatening behavior, which included stalking her) were equally effective in communicating the message that Adams would kill or, at a minimum,

seriously harm her if she revealed the nature of their relationship to anyone.  See id.[1]

Defendant Brian Adams has not objected to plaintiff's motion for reconsideration or the relief sought in that motion. Defendant Eno does object and, in support of his position, raises two points.  First, he asserts that the court should disregard plaintiff's most recent affidavit insofar as it contradicts her earlier affidavit and deposition testimony.  Under appropriate circumstances, the court will strike those aspects of a party's affidavit that contradict, without explanation, that party's earlier deposition testimony.  See Colantuoni v. Alfred Calcagni & Sons, 44 F.3d 1, 45 (1st Cir. 1994) (holding that when an interested witness has given clear answers to unambiguous questions, she cannot create a conflict and resist summary judgment by filing a subsequent affidavit that is clearly contradictory, without providing a satisfactory explanation for the change); Moore v. Marty Gilman, Inc., 965 F.Supp. 203, 208 (D.Mass. 1997) (same).  Here, however, plaintiff's most recent affidavit does not conflict with her earlier deposition testimony.  Instead, as directed by the court, plaintiff has

_____

[1]    Although plaintiff claims that she was subjected to unwelcome sexual harassment by defendant Richard Bressett, she has not alleged that Bressett engaged in any threatening behavior such that Bressett should be estopped to assert the statute of limitations as an affirmative defense.  Likewise, plaintiff has made no persuasive arguments that would suggest that principles of equitable estoppel or tolling should otherwise apply with regard to Bressett.

10

merely elaborated upon her earlier testimony regarding the nature of Eno's threats.

Next, Eno claims that, at best, plaintiff has only asserted that Eno threatened her while plaintiff was a student and not after she had graduated.

> While Ms. Snyder did testify that Mr. Eno and Mr. Adams made threats to kill her in high school and further testified that following her high school graduation Mr. Adams stalked her, her testimony is silent as to threats by Mr. Eno following her high school graduation. . . . [W]hen questioned by State Police on December 30, 1993, Ms. Snyder said that Mr. Eno threatened her when she was a junior in high school, but describes no other threats. . . . The only inference that can be drawn from her failure to accuse Michael Eno of threatening her after high school graduation, . . . is that it simply did not happen.

Defendant Eno's objection to reconsideration (document no. 246) at 5. The pertinent inquiry is whether Eno threatened plaintiff during the limitations period, thereby dissuading her from filing her claims in a timely fashion. Threats made after the limitations period had lapsed could not possibly have induced plaintiff to delay filing an otherwise timely claim. Therefore, whether Eno threatened plaintiff after the running of the statute of limitations is largely irrelevant; the focus of the court's inquiry at this juncture is whether Eno and/or Adams engaged in conduct during the limitations period (i.e., within three years of each actionable wrong committed by Eno and Adams during plaintiff's high school career) which might reasonably have

11

caused plaintiff to forego pursing her legal rights before that limitations period lapsed.

Plaintiff has properly supported her allegations that: (1) defendants Eno and Adams threatened her during the limitations period; (2) she justifiably credited those threats as real; (3) as a direct result of those threats, she did not reveal Eno's and Adams' misconduct to anyone, until after she was interviewed by Hanover Police; and (4) she initiated this lawsuit within a reasonable time after the effect of the threats dissipated. Accordingly, in light of plaintiff's supplemental submissions and the fact that neither Adams nor Eno has contested her allegations that they threatened her during the applicable limitations period (beginning as early as 1987), and thereby caused her to refrain from filing an otherwise timely suit, the court concludes that plaintiff is entitled to the benefit of equitable tolling of the statute of limitations. See generally, Pahlavi v. Palandjian, 809 F.2d 938, 942 (1st Cir. 1987) (citing cases and recognizing that, under appropriate circumstances, equitable tolling may apply when a defendant has engaged in threats or coercive acts designed to prevent the plaintiff from filing a timely claim); Overall v. Estate of Klotz, 52 F.3d 398, 404 (2d Cir. 1995) (citing cases and holding, under New York law, that equitable estoppel may apply when a plaintiff shows that the defendant, by threats or other misconduct, wrongfully induced plaintiff to refrain from commencing a timely action).

12

Accordingly, with regard to plaintiff's claims against defendants Eno and Adams, the court vacates its order dated September 30, 1997, and reinstates those claims. In all other respects and with regard to all other defendants, the court's prior order stands.

## Conclusion

For the foregoing reasons, plaintiff's motion for reconsideration (document no. 231) is granted. Having carefully reviewed the memoranda submitted by the parties and reconsidered its order of September 30, the court holds as follows: (1) plaintiff's request that the court reinstate her complaint with regard to defendants Eno and Adams is granted; (2) plaintiff's request that the court reinstate her complaint with regard to all other defendants is denied.

Plaintiff's motion for late filing (document no. 232) is denied. Plaintiff's motion to stay appeal (document no. 234) is denied as moot, in light of the fact that the Court of Appeals has stayed the appeal pending this court's resolution of all post-judgment motions. See document no. 246.2. See also Fed. R. App. P. 4(a)(4).

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

13

March 26, 1998

cc:  Edward M. Van Dorn, Jr., Esq.
     Brian Adams
     Kenneth G. Bouchard, Esq.
     Thomas H. Trunzo, Jr., Esq.
     James Q. Shirley, Esq.
     Joseph F. Daschbach, Esq.
     Donald E. Gardner, Esq.
     Bradley F. Kidder, Esq.
     Martha V. Gordon, Esq.
     Malcolm R. McNeill, Jr., Esq.
     David H. Bradley, Esq.
     Theodore Wadleigh, Esq.
     Donald P. LoCascio, Esq.