**In re SAPIENT CORPORATION DERIVATIVE LITIGATION.**

No. 06–11963–JLT.

United States District Court, D. Massachusetts.

May 29, 2008.

Terence K. Ankner, The Law offices of Partridge, Ankner & Horstmann, LLP, Alan L. Kovacs, Law Office of Alan L. Kovacs, Boston, MA, Jeffrey A. Berens, Shuman & Berens LLP, Kip B. Shuman, The Shuman Law Firm, Denver, CO, Travis E. Downs, III, Benny C. Goodman, III, Kathleen A. Herkenhoff, Coughlin Stoia Geller Rudman & Robbins LLP, Jeffrey P. Fink, Robbins Umeda & Fink, LLP, San Diego, CA, for Plaintiffs.

Kevin M. Bolan, Michael Kendall, McDermott, Will & Emery LLP, James R. Carroll, Michael S. Hines, Skadden, Arps, Slate, Meagher & Flom LLP, Colleen C. Cook, Nystrom Beckman & Paris LLP, Thomas E. Dwyer, Jr., Jennifer M. Ryan, Dwyer & Collora, LLP, Irwin B. Schwartz, Petrie Schwartz LLP, Boston, MA, Stuart A. Cherry, James A. Dunbar, Venable LLP, Towson, MD, Scott M. Himes, Glen Kopp, Stillman, Friedman & Shechtman, P.C., New York, NY, for Defendants.

## MEMORANDUM

TAURO, District Judge.

Plaintiffs bring this shareholder derivative action against current and former officers and directors of Sapient Corporation ("Sapient") in connection with allegations of stock options backdating. Presently at issue are Defendants' renewed *Motions to Dismiss.*

### Background

On October 27, 2006 and October 31, 2006, Plaintiffs filed three separate shareholder derivative actions in this court on behalf of nominal defendant Sapient Corporation. The Parties subsequently stipulated to consolidating the three actions, and this court approved the consolidation on June 21, 2007.[1]

On July 20, 2007, Plaintiffs filed a Verified Consolidated Shareholder Derivative Complaint for Violations of the Sarbanes–Oxley Act of 2002, Sections 10(B) and 14(A) of the Securities Exchange Act of 1934, Breach of Fiduciary Duty, Abuse of Control, Gross Mismanagement, Waste of Corporate Assets, Unjust Enrichment, Account, Rescission, and for a Constructive Trust.[2] The Complaint states:

Plaintiffs bring this action derivatively in the right and for the benefit of Sapient to redress injuries suffered, and to be suffered, by Sapient as a direct result of the breaches of fiduciary duty, abuse of control, gross mismanagement, waste of corporate assets and unjust enrichment, as well as the aiding and abetting thereof, by the Individual Defendants. Sapient is named as a nominal defendant solely in a derivative capacity. . . . [3]

Plaintiffs "did not make any demand on the Board of Sapient to institute this action because such a demand would be a futile, wasteful and useless act."[4]

On August 20, 2007, nominal defendant Sapient and certain of the individual defendants filed a *Motion to Dismiss.*[5] Defendants argued, among other things, that Plaintiffs (1) failed to make a pre-suit demand as required under Federal Rule of Civil Procedure 23.1; and (2) failed to allege with particularity why demand on the Board would be futile.[6]

On August 23, 2007, individual defendant Deborah Gray ("Gray") filed a separate *Motion to Dismiss.*[7] Gray's *Motion* joined and incorporated the previous *Motion to Dismiss,* and also argued that Plaintiffs had "no basis to bring any claims" specifically against her.[8]

The Parties filed Oppositions and Replies in September and early October of 2007.

Back in August 2006, prior to the filing of this federal suit, two individuals initiated separate shareholder derivative actions—purportedly on behalf of Sapient—in Massachusetts Superior Court.[9] The

---

1. *See* Order [# 21].

2. Verified Consolidated Shareholder Derivative Compl. ("Compl.") [# 22].

3. *Id.* at 51.

4. *Id.*

5. Defs.' *Mot. to Dismiss the Consolidated Derivative Compl.* [# 35].

6. *See* Defs.' Mem. of Law in Supp. of Defs.' Mot. to Dismiss [# 36].

7. Def. Deborah Gray's *Mot. to Dismiss the Consolidated Derivative Compl. With Prejudice* [# 38].

8. *See* Def. Deborah Gray's Mem. of Law in Supp. of Mot. to Dismiss the Consolidated Derivative Compl. With Prejudice [# 39]; *id.* at 5 n. 17.

9. *See In re Sapient Corp. Derivative Litigation,* No. 07–0629 (Mass. Superior Court Oct. 29, 2007) (Memorandum and Order on Motions to Dismiss) (van Gestel, J.).

state actions, which were eventually consolidated, also involved allegations of stock options backdating.[10] On October 29, 2007, the judge in the consolidated action issued an order allowing three motions to dismiss.[11] The court held that the complaint did not comply with Delaware Chancery Court Rule 23. 1, because the plaintiffs (1) did not make a pre-suit demand; and (2) did not demonstrate why demand should be excused.[12]

Following the decision, on November 9, 2007, Defendants sought leave to file a supplemental memorandum in further support of their *Motion to Dismiss*.[13] In the proposed supplemental memorandum, Defendants asserted that the state court decision collaterally estopped Plaintiffs from asserting demand futility in this action.[14]

On December 3, 2007, Plaintiffs sought leave to file a response to Defendants' proposed supplemental memorandum.[15] In relevant part, the proposed response indicated:

> After plaintiffs had submitted their operative complaint and after defendants' Motions to Dismiss were initially briefed, a decision was issued in a state court action entitled, *In re Sapient Corp. Derivative Litig.*, Lead Civ. A. No. 07–0629–BLS 1 (Mass.Super.Ct. Oct. 29, 2007), an action purportedly involving similar factual allegations as those made herein. Defendants submitted a copy of the state court ruling with their moving papers. Plaintiffs herein have determined that, in the interests of streamlining this action, plaintiffs will serve a demand on Sapient Corporation's Board of Directors. *This demand moots the demand futility issues raised in defendants' Motions to Dismiss,* as well as the collateral estoppel issues raised in their Supplemental Memorandum.[16]

According to Defendants, Plaintiffs served a demand on the Board the same day.[17]

On December 4, 2007, this court issued an Order that required the following:

> Given Plaintiff's latest filing, counsel for the Parties shall confer and file a Joint Status Report detailing the current posture of the case. The Joint Status Report shall also indicate, in outline form, which issues are still outstanding in the two pending *Motions to Dismiss*.[18]

On December 14, 2007, the Parties filed a Joint Status Report.[19] Plaintiffs urged this court to stay the action pending the

---

10. *See id.*

11. *See id.*

12. *See id.*

13. Defs.' *Mot. for Leave to File Supp. Mem. of Law in Further Supp. of Defs.' Mot. to Dismiss* [# 50].

14. *See* Defs.' [Proposed] Supp. Mem. of Law in Further Supp. of Defs.' Mot. to Dismiss [# 50–1]. Although this court eventually denied Defendants' *Motion for Leave to File* as moot, the proposed supplemental memorandum is relevant to the procedural history of this action.

15. Pls.' *Mot. for Leave to File Statement in Response to Defs.' Mot. for Leave to File* [# 52].

16. *See* Pls.' [Proposed] Statement in Response to Defs. Mot. for Leave to File, Ex. 1 to *id.* (emphasis added) [# 52]. Although this court eventually denied Plaintiffs' *Motion for Leave to File* as moot, the proposed response is relevant to the procedural history of this action.

17. Defs.' Mem. of Law in Supp. of Defs.' Mot. to Dismiss for Pls.' Lack of Rule 23.1 Standing at 3 ("Defs.Mem.") [# 57].

18. Order [# 53].

19. Joint Status Report [# 54]

Board's consideration of their demand.[20] Defendants asserted that Plaintiffs did not have standing to maintain the suit, and that this court should dismiss the action.[21]

On January 7, 2008, given the changed posture of this case and the issues raised in the Joint Status Report, this court DENIED the two pending *Motions to Dismiss* without prejudice to refiling updated *Motions to Dismiss.*[22]

On January 18, 2008, nominal defendant Sapient and certain of the individual defendants filed a renewed *Motion to Dismiss for Plaintiffs' Lack of Rule 23.1 Standing,*[23] which advanced three main grounds for dismissal: (1) failure to satisfy the demand requirements of Federal Rule of Civil Procedure 23.1; (2) failure to allege unambiguously contemporaneous ownership of Sapient stock; and (3) failure to state a claim.[24]

On January 28, 2008, individual defendant Deborah Gray filed a *Renewed Motion to Dismiss.*[25] In addition to adopting the arguments in the other Defendants' *Motion to Dismiss,* Gray reasserted several grounds for dismissal specific to her.[26]

The Parties filed Oppositions and Replies in February of 2008.

## Discussion

### A. Note on the Applicable Law

■ Federal Rule of Civil Procedure 23.1 ("Rule 23.1") governs this federal shareholder derivative action.[27] State law, however, controls the substantive elements of the demand requirement.[28] Here, Delaware law applies because Sapient is a Delaware corporation.[29]

### B. Requirements of Rule 23.1

#### 1. Rule 23.1

■ Rule 23.1 requires a plaintiff to "plead with particularity either that demand was made on the corporation or that demand was futile." [30] The First Circuit "vigorously enforces this requirement and will *dismiss* derivative actions when plaintiffs do not comply." [31] The First Circuit explained the reasons for this approach:

> In doing so, we have recognized the important policy behind the demand requirement. A shareholder derivative action is an action of last resort. . . . When shareholders undertake such an action it

**20.** *See id.* at 3–6.

**21.** *See id.* at 6–9.

**22.** *See* Order [# 55].

**23.** Defs.' *Mot. to Dismiss for Pls.' Lack of Rule 23.1 Standing* [V].

**24.** *See* Defs. Mem.

**25.** Def. Deborah Gray's *Renewed Mot. to Dismiss the Consolidated Derivative Compl With Prejudice* [# 58].

**26.** *See id.;* Def. Deborah Gray's Mem. of Law. in Supp. of Renewed Mot. to Dismiss the Consolidated Derivative Compl. With Prejudice [# 59].

**27.** *Gonzalez Turul v. Rogatol Distributors, Inc.,* 951 F.2d 1, 2 (1st Cir.1991).

**28.** *See id. See also Kamen v. Kemper Fin. Servs., Inc.,* 500 U.S. 90, 95–96, 111 S.Ct. 1711, 114 L.Ed.2d 152 (1991).

**29.** *See* Compl. at 4. The Parties both apply Delaware law in their briefs.

**30.** *Gonzalez,* 951 F.2d at 2 (*citing* Fed. R.Civ.P. 23.1). The Rule requires Plaintiffs to "state with particularity: (A) any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members; and (B) the reasons for not obtaining the action or not making the effort." Fed. R.Civ.P. 23.1

**31.** *Gonzalez,* 951 F.2d at 2 (emphasis added).

implies that the corporation is unwilling or unable to conduct a suit on its own behalf. Clearly, it should first be ascertained whether the corporation is unwilling to undertake the action.[32]

■ Additionally, "Rule 23.1 is clear and unequivocal that, in derivative actions such as this, a shareholder demand must be made of appropriate corporate authorities *before* bringing suit, absent extraordinary circumstances that justify a failure to do so. A post-suit demand simply does not meet the Rule's procedural prerequisite."[33] Likewise, the First Circuit has held, "Rule 23.1 specifically calls upon the complaint to show that demand was made or was properly excused; there is no provision for *thereafter* remedying an omission in the same suit, especially after the defendants have moved to dismiss because of the absence of a demand."[34]

### 2. Plaintiffs' Complaint

■ Here, it is undisputed that Plaintiffs did not make a demand on the Board prior to filing suit. Instead, pursuant to Rule 23. 1, Plaintiffs' Complaint alleged that demand was futile.[35]

Plaintiffs then proceeded to make a demand on the Board, but this mid-suit demand does not satisfy the Rule's procedural prerequisite. Plaintiffs cannot make the demand now to remedy their prior omission, especially because Defendants here seek dismissal based on Plaintiffs' failure to make a pre-suit demand.[36]

■ Moreover, under Delaware law, Plaintiffs' mid-suit demand moots any claims of demand futility. The Supreme Court of Delaware has clearly stated, "by making a demand, a shareholder thereby makes his original contention, that demand was excused, moot."[37] The court explained, "By making a demand, a stockholder tacitly acknowledges the absence of facts to support a finding of futility."[38] Accordingly, "A shareholder who makes a demand can no longer argue that demand is excused."[39] Indeed, Plaintiffs here acknowledge that the mid-suit demand "moots the demand futility issues."[40]

---

**32.** *Id.*

**33.** *Grossman v. Johnson,* 89 F.R.D. 656, 660–661 (D.Mass.1981) (Tauro, J.), *aff'd,* 674 F.2d 115 (1st Cir.1982), *cert. denied sub nom. Grossman v. Fidelity Municipal Bond Fund, Inc.,* 459 U.S. 838, 103 S.Ct. 85, 74 L.Ed.2d 80 (1982) (emphasis added). In *Grossman,* this court commented, "Indeed, such an approach would effectively cripple the spirit and intent of the rule, which is to give corporate authorities an opportunity to deal with shareholder grievances prior to a derivative action being brought." *Id.* at 661. *See also Shlensky v. Dorsey,* 574 F.2d 131, 142 (3d Cir.1978) ("To hold that demands to satisfy Rule 23.1 may be made on the directors after a derivative suit has been initiated would be to reduce the demand requirement of the rule to a meaningless formality.") (*citing In re Kauffman Mutual Fund Actions,* 479 F.2d 257, 263 (1st Cir.), *cert. denied,* 414 U.S. 857, 94 S.Ct. 161, 38 L.Ed.2d 107 (1973)).

**34.** *Grossman,* 674 F.2d at 125 (emphasis added).

**35.** *See* Compl. at 51.

**36.** *See Grossman,* 674 F.2d at 125.

**37.** *Spiegel v. Buntrock,* 571 A.2d 767, 775 (Del.1990) (*citing Stotland v. GAF Corp.,* 469 A.2d 421 (Del.1983)).

**38.** *Id.*

**39.** *Id.*

**40.** *See* Pls.' Opp. to Defs.' Mot. to Dismiss for Pls.' Lack of Rule 23.1 Standing at 6 ("Plaintiffs herein have made a demand, which moots the demand futility issue.") [# 61]. *See also* Pls.' [Proposed] Statement in Response to Defs. Mot. for Leave to File at 1 ("This demand moots the demand futility issues raised in defendants' Motions to Dismiss, as well as the collateral estoppel issues raised in their Supplemental Memorandum.").

In sum, (1) Plaintiffs did not make a pre-suit demand on the Board; and (2) Plaintiffs' mid-suit demand does not satisfy the strict procedural requirements of Rule 23.1, and moots any of Plaintiffs' demand futility claims. Accordingly, this entire "demand excused" shareholder derivative action must be dismissed.[41] In light of this holding, this court need not reach Defendants' other alleged grounds for dismissal.[42]

## C. Disposition

All of Plaintiffs' claims are DISMISSED [43] with prejudice as to all Defendants, with one exception. Although not addressed by the Parties, Count II of Plaintiffs' Complaint alleges a violation of Section 14(a) of the Exchange Act. There is conflicting authority with respect to whether a 14(a) claim is subject to the demand requirement,[44] and it appears that the First Circuit has not addressed this question. This court takes the position that the demand requirement applies. In light of the conflicting authority, however, this court DISMISSES the Section 14(a) claim without prejudice to re-raising if a subsequent derivative suit is filed.[45]

## D. Plaintiffs May Pursue a "Demand Refused" Action

Although this "demand excused" action is dismissed, Plaintiffs have now made a demand on the Board. "The effect of [this] demand is to place control of the derivative litigation in the hands of the board of directors." [46] If the Board refuses this demand, Plaintiffs can decide to pursue a "demand refused" action, and the Board's action would be subject "to judicial review according to the traditional business judgment rule." [47]

---

41. *See, e.g., Jones ex rel. CSK Auto Corp. v. Jenkins*, 503 F.Supp.2d 1325, 1341 (D.Ariz. 2007) (dismissing plaintiff's entire complaint, including Sarbanes–Oxley count, for failure to comply with Rule 23.1); *In re Pfizer Inc. Derivative Sec. Litig.*, 503 F.Supp.2d 680, 686 (S.D.N.Y.2007) (same); *Andropolis v. Snyder*, 2006 WL 2226189, at *5, 2006 U.S. Dist. LEXIS 54073, at *48 (D.Colo. Aug. 3, 2006) (same); *Kaltman v. Sidhu*, 2004 WL 357861, at *6, 2004 U.S. Dist. LEXIS 2818, at *17 (N.D. Texas Feb. 26, 2004) (same).

42. *See, e.g., Andropolis*, 2006 WL 2226189, at *5, 2006 U.S. Dist. LEXIS 54073, at *48 (dismissing for failure to comply with Rule 23.1 and denying as moot defendants' other arguments for dismissal); *Kaltman*, 2004 U.S. Dist. LEXIS 2818, at *17 (dismissing for failure to comply with Rule 23.1 and not reaching defendants' other arguments for dismissal).

43. Because the appropriate remedy for failure to comply with Rule 23.1 is dismissal, see *Gonzalez*, 951 F.2d at 2, Plaintiffs' request for a stay while the Board considers their demand is DENIED.

44. *See, e.g., In re Computer Sciences Corp. Derivative Litigation*, 2007 WL 1321715, at *4 n. 4, 2007 U.S. Dist. LEXIS 25414, at * 13 n. 4 (C.D.Calif.Mar.26, 2007) (discussing conflicting authority, and then holding that demand is required for a Section 14(a) derivative claim).

45. This tracks Chief Judge Wolf's approach in a case with a similar posture. *See In re American Tower Derivative Litigation*, No. 06–11029–MLW (D.Mass. Feb. 4, 2008) (order dismissing case) ("Count I of the Consolidated Verified Shareholder Derivative Complaint (Docket No. 25), alleging violations of § 14(a) of the Securities and Exchange act, 15 U.S.C. § 78n(a), is dismissed without prejudice. If the plaintiffs bring a 'demand refused' action against the defendants, these claims may be reasserted.").

46. *Spiegel*, 571 A.2d at 775 (*citing Zapata Corp. v. Maldonado*, 430 A.2d 779, 784–86 (Del.1981)).

47. *Id.* at 775–776. Because it may be relevant in the future, this court notes that if Plaintiffs prevail in a future case, counsel could be compensated for that case. Counsel, however, could not be compensated for this case, because they have not prevailed here.

**Conclusion**

For the foregoing reasons, this "demand excused" action is DISMISSED with prejudice, except for Count II of Plaintiffs' Complaint, which is DISMISSED without prejudice. Plaintiffs, however, may commence a "demand refused" action based on the Board's response to their December 3, 2007 demand.

An Order has issued.

### ORDER

For the reasons in the accompanying Memorandum, this court hereby orders that:

1. Defendants' *Motion to Dismiss for Plaintiffs' Lack of Rule 23.1 Standing* [# 56] and Defendant Deborah Gray's *Renewed Motion to Dismiss the Consolidated Derivative Complaint with Prejudice* [# 58] are ALLOWED as follows: Plaintiffs' "demand excused" shareholder derivative action is DISMISSED with prejudice, except for Count II, which is DISMISSED without prejudice.

2. Plaintiffs, however, may commence a "demand refused" action based on the Board's response to their December 3, 2007 demand.

3. Plaintiffs' request for a stay while the Board considers their demand is DENIED.

4. This case is CLOSED.

IT IS SO ORDERED.